|   |   |
|---|---|
| 1 | **KRONENBERGER BURGOYNE, LLP** |
| 2 | Karl S. Kronenberger (Bar No. 226112) |
|   | Jeffrey M. Rosenfeld (Bar No. 222187) |
| 3 | 150 Post Street, Suite 520 |
|   | San Francisco, CA 94108 |
| 4 | Telephone: (415) 955-1155 |
|   | Facsimile: (415) 955-1158 |
| 5 | karl@KBInternetLaw.com |
| 6 | jeff@KBInternetLaw.com |

Attorneys for Plaintiff
Art of Living Foundation

**ORIGINAL FILED**
2010 NOV -5 P 2:54
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

LB

CV10 5022

| | |
|---|---|
| **ART OF LIVING FOUNDATION**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**DOES 1-10**, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br>1. COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501 ET SEQ.;<br>2. MISAPPROPRIATION OF TRADE SECRETS UNDER CAL. CIV. C. §3426 ET SEQ.;<br>3. DEFAMATION; AND<br>4. TRADE LIBEL<br><br>**DEMAND FOR JURY TRIAL** |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.

COMPLAINT

1  Plaintiff Art of Living Foundation ("Plaintiff"), through its attorneys, alleges as
2  follows:

## INTRODUCTION

3. 1. The Art of Living Foundation ("AoL") is an international educational and humanitarian organization based in Bangalore, India. AoL has regional centers in 140 countries and has been accredited as a United Nations non-governmental organization ("NGO") since 1996. AoL currently serves as one of the United Nation's largest volunteer-based NGOs.

2. Plaintiff is the United States chapter of AoL.

3. Plaintiff offers courses that employ breathing techniques, meditation, and low-impact yoga to achieve stress relief and general wellness. Plaintiff's educational programs focus on "Sudarshan Kriya" and its accompanying practices. These practices are time-honored stress management and health promotion techniques, the health benefits of which have been established by modern medical science. Plaintiff and its teaching programs have been praised in the national and international press, including on CNN, MSNBC, and other news outlets[1].

4. On information and belief, Defendants are disgruntled former student-teachers and students of Plaintiff. While the true identities of Defendants are unknown at this time, it is known that Defendants have perpetrated an attack-campaign against Plaintiff by publishing false, defamatory, and completely fabricated statements. These statements include the most scurrilous allegations imaginable, all of which are false.

5. Defendants created two blogs for the purpose of publishing these false and defamatory statements.

6. Also on these two blogs, Defendants published Plaintiff's trade secret information, despite Plaintiff's significant efforts to keep this information confidential.

---

[1] *See, for e.g.*, http://video.google.com/videoplay?docid=1174104283064096256# (CNN Documentary); and
http://video.google.com/videoplay?docid=1174104283064096256#docid=6344668166674641527 (Art of Living on MSNBC).

Case No.  2  **COMPLAINT**

7. Additionally, on these blogs, Defendants published—without Plaintiff's consent—Plaintiff's copyrighted publication, the Breath Water Sound Manual.

8. Defendants' blogs remain active and viewed by thousands of visitors each month, and Defendants continue to defame and injure Plaintiff with these blogs.

9. As a result of Defendants' misconduct, Plaintiff has been—and continues to be—substantially harmed.

10. Unless the Court orders Defendants to cease their unlawful operation of the two blogs, Plaintiff will continue to suffer irreparable harm.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338 for Plaintiff's copyright infringement claim. This Court has supplemental jurisdiction over Plaintiff's remaining claims arising under the law of the State of California under 28 U.S.C. §1367.

12. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events, omissions, and harm, giving rise to Plaintiff's claims occurred within the District.

**PARTIES**

13. Plaintiff the Art of Living Foundation is a California non-profit corporation based in Goleta, California.

14. Plaintiff does not know the true names and capacities, whether individual, associate, corporate or otherwise, of Defendants sued herein as DOES 1-10 inclusive, and Plaintiff therefore sues said Defendants by such fictitious names.

15. Plaintiff will amend this Complaint to state the true names and capacities of the Defendants once they have been discovered. Plaintiff is informed and believes, and, on that basis, alleges that each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiff based on the facts herein alleged.

//

//

## FACTUAL ALLEGATIONS

16. In 1981, His Holiness Sri Sri Ravi Shankar ("Ravi Shankar") started the Art of Living Foundation ("AoL"), an international nonprofit educational and humanitarian organization based in Bangalore, India.

17. AoL offers instruction on breathing techniques, meditation, and low-impact yoga to achieve stress relief and general wellness. The focus of AoL's educational programs is "Sudarshan Kriya" and its accompanying practices, which are time-honored stress management and health promotion techniques.

18. AoL is also committed to humanitarian aid and community service. AoL volunteers have brought both physical and emotional relief throughout the world in response to natural and manmade disasters.

19. AoL was accredited as a United Nations non-governmental organization in 1996, and continues to serve as one of the United Nation's largest volunteer-based NGOs.

20. AoL works in a special consultative status with the United Nation's Economic and Social Council, participating in a variety of committees and activities relating to health, education, sustainable development, conflict resolution, and disaster relief.

21. AoL is based in Bangalore, India and has regional centers in more than 140 countries.

22. In 1989 Plaintiff incorporated as a U.S. regional center of AoL. Plaintiff is a California nonprofit corporation and has remained in good standing since its formation in 1989.

23. Plaintiff is a nondenominational, nonprofit educational and humanitarian organization dedicated to the principles and teachings of AoL.

24. As part of its humanitarian efforts, Plaintiff provides instruction in its core disciplines including breathing, meditation, and yoga. Plaintiff also offers courses and seminars on issues ranging from world peace to emotional self-control. Plaintiff's self-

development programs instruct students on methods to eliminate stress and to foster a sense of well-being.

25. At the core of Plaintiff's teachings is Sudarshan Kriya, which is a rhythmic breathing exercise. Sudarshan Kriya incorporates specific natural rhythms of breath to release stress and to bring the mind to the present moment.

26. The rhythmic breathing pattern of Sudarshan Kriya harmonizes the rhythms of the body and emotions, and brings them in tune with the rhythms of nature. Breathing under the principles of Sudarshan Kriya helps bring about a connection of the body and the mind. Practitioners of Sudarshan Kriya are able to use their breathing to bring about changes in their mental and behavioral patterns. Sudarshan Kriya teaches students to use breathing to release negative emotions such as anger, sadness, fear, anxiety, and worry, while leaving the students' minds relaxed and energized.

27. Plaintiff instructs students in Sudarshan Kriya, and offers different courses to practitioners of varying ages and backgrounds.

28. The basics of Sudarshan Kriya are taught to students in Plaintiff's Art of Living course.

29. In the Art of Living Course, Plaintiff also teaches other breathing techniques, meditation, low-impact yoga, and skills for dealing effectively with challenging emotions and situations.

30. The teachings and the mind, body, and emotional achievements of Ravi Shankar are a foundational component of Plaintiff's Art of Living course.

31. Plaintiff also offers specialized courses that are designed for specific segments of students. For example, Plaintiff offers an Art Excel course for students between 8 years and 13 years, which teaches six basic principles of successful living through innovative games and interactive processes. Plaintiff also offers its YES! For Teens program, which provides teenagers with a comprehensive toolbox to manage their own emotions and stress as well as to assist teenagers in dynamically navigating

adolescence with practical skills and knowledge. Plaintiff also offers a course that targets those affected by HIV/AIDS.

32. While the registration process varies, individuals who wish to take a course offered by Plaintiff must register and pay the course fee. The fee is typically $250 for the Art of Living Course, which teaches the basics of Sudarshan Kriya. The price for a repeater course is typically $50.

33. Plaintiff uses the money it raises through its course offerings to maintain its facilities, to train new teachers for its courses, and to provide humanitarian aid and community service.

**PLAINTIFF'S TRAINING OF ITS TEACHERS AND PLAINTIFF'S TRADE SECRETS**

34. An essential component of the success of Plaintiff's courses—including the Art of Living course—is Plaintiff's training of its teachers.

35. Plaintiff's training of its teachers is an essential component for two reasons. First, Plaintiff's breathing techniques take into account various physical and psychological health considerations of the students, such as high blood pressure, depression, and anxiety. Plaintiff trains its teachers to tailor the instruction of its courses based on the students' conditions to ensure that the students' well-being is protected. If Plaintiff's teachers are not able to teach Plaintiff's techniques—and in particular Sudarshan Kriya—to students in an incremental and easily understandable manner, Plaintiff's students will not only fail to achieve the goals of the course, but they could also potentially face difficulties.

36. Second, Plaintiff enjoys a financial benefit from offering its courses. In particular, Plaintiff enjoys a financial benefit from being the exclusive organization in the United States that can teach its coursework—including Sudarshan Kriya—in a manner that is accessible to and safe for its students. This financial benefit enables Plaintiff to maintain its facilities, to train new teachers for its courses, and to provide humanitarian aid and community service.

//

37. As a result of the importance of instructing Plaintiff's teachers, Plaintiff—in consultation with Ravi Shankar—has developed detailed processes by which Plaintiff's courses are to be taught.

38. In particular, Plaintiff has developed a detailed, incremental, and safe process by which Sudarshan Kriya should be taught to students of varying aptitudes and achievements.

39. These processes are contained in several written manuals developed by Plaintiff in consultation with Ravi Shankar. These manuals include a) the Training Guide Phase One, b) the Continuation Manual, and c) the Yes! Teacher Notes (collectively, the "Manuals").

40. The teaching processes for Sudarshan Kriya have intentionally not been memorialized in writing. Plaintiff has avoided creating a written manual specifically to prevent the unlawful distribution of its Sudarshan Kriya teaching principles. Instead, the teaching processes for Sudarshan Kriya are taught to Plaintiff's teachers through oral presentations, in which the student-teachers may take written notes.

41. Plaintiff keeps the Manuals and the teaching processes for Sudarshan Kriya strictly confidential.

42. Before student-teachers begin their training programs with Plaintiff, they are told that the information they will receive must be kept in strict confidence to ensure: a) the well-being of their students, b) the preservation of the integrity of Plaintiff's teachings, and c) the financial benefit to Plaintiff from Plaintiff's coursework.

43. Student-teachers must agree not to disclose any of these materials or information before they are permitted to take part in Plaintiff's teacher training programs.

44. Student-teachers must also agree not to disclose any notes they take during their training program before they can take part in Plaintiff's teacher training programs.

//
//

45. This agreement by Plaintiff's student-teachers is a necessary prerequisite to preserve the confidentiality of Plaintiff's Manuals and its teaching processes for Sudarshan Kriya.

46. Without this agreement, Plaintiff's Manuals and its teaching processes for Sudarshan Kriya could be made available to the public. Such a disclosure would not only result in a financial loss for Plaintiff, but would also result in the dilution and/or the tarnishing of Plaintiff's teachings. Moreover, the improper instruction of techniques like Sudarshan Kriya could result in students having difficulties if improper and/or untailored instructions are provided. Thus, Plaintiff has a significant interest in closely monitoring the instruction of its courses.

**Plaintiff's Publication: The Breath Water Sound Manual**

47. Plaintiff has authored and published an informational booklet entitled the Breath Water Sound Manual.

48. The Breath Water Sound Manual is used by Plaintiff in connection with its Breath Water Sound course. The Breath Water Sound Manual explains some basic teachings of Plaintiff, including some basic breath exercises, sound relaxation methods, mediation techniques, tools for healthy living, and effective processes to work together as a community.

49. Plaintiff published the Breath Water Sound Manual on June 1, 2003.

50. On October 19, 2010, Plaintiff applied to the United States Copyright Office for a copyright registration for the Breath Water Sound Manual. As of the date of the complaint, Plaintiff's application remains pending.

**Defendants' Misconduct**

51. The true identities of Defendants are unknown at this time.

52. On information and belief, Defendants are disgruntled student-teachers and/or students of Plaintiff, AoL, and/or Ravi Shankar.

//
//

53. On information and belief, in or around November 2009, Defendants started the blog entitled "Leaving the Art of Living" and located at <artoflivingfree.blogspot.com> (the "Blogspot Blog").

54. On information and belief, in or before November 2010, Defendants started the blog entitled Beyond the Art of Living and located at <aolfree.wordpress.com> (the "Wordpress Blog"; the Blogspot Blog and the Wordpress Blog are referred to collectively as the "Blogs").

55. With few exceptions the Blogs have remained active and accessible through the Internet since their creation.

56. The ostensible purposes of the Blogs are to provide former students of Plaintiff and those doubting Plaintiff's teachings a space to heal, find answers, and understand the processes they went through as "members" and "drop-outs."

57. In fact, the Blogs are used by Defendants to defame Plaintiff, misappropriate Plaintiff's trade secrets, and infringe on Plaintiff's copyrighted materials.

58. The Blogs are viewed by thousands of people each month, and on information and belief have a significant influence on viewers' perception of Plaintiff and Plaintiff's teachings.

59. Defendants operate and contribute to the Blogs under the following fictitious names: Skywalker, Aolwhistleblower, Whistleblower, AoL-Free, Peaceful Warrior, Klim, Klim & Co., and Prosecutor.

60. Each of Defendants has been a regular publisher on the Blogs, contributing numerous posts and comments about Plaintiff.

61. Many of Defendants' statements are false, defamatory, and completely fabricated. They have been published for the overt purpose of destroying the reputations of Plaintiff and Ravi Shankar.

62. As examples, Defendants made the following statements about Plaintiff, AoL, and Ravi Shankar:

//

- The truth is more disgruntled people should come out to do something about all the illegal activities that occur thru and in his organization, ranging from exploitation, to swindling, to cheating, to physical abuse, to sexual harassment and fondling, etc.
- Here is the man who waved off female devotees raped or beaten up by his devotees by telling them it was their fault or that they deserved it since "Violence attracts violence. Your karma."
- And let us not forget that AOL course participants are told their fees go to charity, that AOL teachers work as volunteers, that SriSri [Ravi Shankar] and BhanuDidi are not the beneficiaries of the course fees!! In other words they obtained money from participants on false, deceitful declarations.
- Unfortunately, there are even stories of male teachers raping female students or teachers, and other forms of perversion. The inner circle knew about this.
- Many teachers, especially senior teachers take advantage of their status. Women fall for them like bees for honey, not knowing they are just being used for sex.
- The 'dollar a day' program was started in the US. The money never went to that cause.
- If you are yourself a rich business man and want to launder your black money or show your competitors that oh I have a Guru then AOL is for you.
- He [Ravi Shankar] will use you until he no longer sees you as useful. If you try to leave and he is afraid you known too much about him, he will threaten you, directly, from his own mouth, and through others. You would not be the first, and will not be the last to leave and come under threat, ridicule, and be subject to lies and sick rumors.

//

//

- Many, still scarred by the AoL brain-wash are ashamed of seeking therapy. The physical damages require all sorts of medical supervision that not even doctors understand.
- There are many cases that companies, individuals give money to AOL organisation for specific projects, but the money never reaches those projects. It is then left to poor AOL teacher or volunteer to explain to the company/donors WHY THE PROJECT IS NOT COMPLETED & SAY WHERE THE MONEY WENT TO! These people are just shameless & have huge appetite for $$$! AOL volunteers & members, for God's sake wake up & stop giving money to SriSri & his lackeys. None of this money goes toward helping any poor or disadvantaged people. ALL ends up in SriSri & family & Lackey's coffers.
- This leaves us with no doubt that SriSri has reached an acute stage of his degenerative illness and is in urgent need of hospitalization before total collapse!
- And so, some remain anonymous because of verbal and physical threats made, and others because of psychic threats made, yes, even by the precious master himself!
- And of course as one gets to know RS [Ravi Shankar] more & more one becomes more & more aware what a violent man RS is. Doing violent acts with total calm & smile on his face doesn't make those acts any less violent nor it reduces the impact on the victims. It just shows his lack of compassion & empathy & how calculated he is like a mafia boss.  Behind all smiley front of AOL, the organisation is actually rife with violence (mental, emotional, spiritual). Many senior teachers are actually known as bullies & are extremely violent & foul- mouthed. Many members & teachers actually leave the organisation due to existing culture of abuse & violence in the organisation.

- Again answer is obvious, the master is a charlatan (is a person practising quackery or some similar confidence trick in order to obtain money) in disguise.
- And so, some remain anonymous because of verbal and physical threats made, and others because of psychic threats made, yet, even by the precious master himself.
- The money raised for "service projects" get diverted to his personal kitty - all we see is token work.
- From then on, I started observing closely and after many years I am fully convinced that AOL is front-end name for a group of fraudulent NGOs. My lawyer tells me that what they are doing amounts to large-scale organized fraud according to the laws of several countries. The most important 'knowledge point' that AOL practices is Fake It Till You Make It. This cancer has been introduced into many activities by SSRS [Ravi Shankar] himself.
- He [Ravi Shankar] has so many enemies it could have been bc of a family or an individual he ruined, land he took, money he swindled, someone he abused.
- Money from courses does not go into "service projects" it goes into RS's [Ravi Shankar's] bank account. He uses it to start up other businesses—ostensibly making more money for himself. The mafia also operates this way—they fund legitimate businesses from their ill-gotten wealth.

63. The above-referenced statements are all false and defamatory.

64. The above-referenced statements are a small sample of the complete false and defamatory statements, many of which are completely fabricated, published on the Blogs.

65. The Blogs have had their intended effect: on information and belief, thousands of viewers of the Blogs have been misled about Plaintiff and its services and teachings.

66. Plaintiff has received numerous inquiries from its students about the truthfulness of the statements on the Blogs. Many of these students have expressed anger, frustration, or outrage to Plaintiff based on the Blogs' false statements.

67. In addition to publishing false and defamatory statements on the Blogs, Defendants have posted Plaintiff's confidential, trade-secret information.

68. Specifically, Defendants posted on the Blogs the full text of the Manuals.

69. Additionally, Defendants posted on the Blogs a link to a written description of Plaintiff's processes for teaching Sudarshan Kriya, which as discussed above, Plaintiff holds in the strictest confidence.

70. On information and belief, the highly confidential Manuals were viewed by thousands of people on the Blogs, as was the highly confidential written description of Plaintiff's processes for teaching Sudarshan Kriya.

71. Additionally, Defendants published on the Blogs the full text of the Breath Water Sound Manual. On information and belief, the Breath Water Sound Manual was viewed by thousands of people on the Blogs before Plaintiff was able to get it removed through a Digital Millennium Copyright Act takedown notice.

72. On information and belief, each of the Defendants has conspired and worked with the others to engage in the above-described misconduct, with the shared objective of harming Plaintiff, AoL, and Ravi Shankar.

73. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

74. Due to continuing presence of the Blogs, and their false and defamatory statements, Plaintiff continues to suffer irreparable injury.

### FIRST CLAIM FOR RELIEF

**(COPYRIGHT INFRINGEMENT, VICARIOUS COPYRIGHT INFRINGEMENT, AND CONTRIBUTORY COPYRIGHT INFRINGEMENT 17 U.S.C. §501 *et seq.*)**

75. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-74 above.

76. Defendants have reproduced and displayed on the Blogs the Breath Water Sound Manual.

77. Defendants' reproduction and display of the Breath Water Sound Manual constitutes copyright infringement and/or vicarious copyright infringement and/or contributory copyright infringement.

78. The Breath Water Sound Manual is an original, creative work in which Plaintiff owns protectable copyright interests.

79. Plaintiff first published the Breath Water Sound Manual on June 1, 2003.

80. Plaintiff has used the Breath Water Sound Manual to explain the teachings of Plaintiff, including some basic breath exercises, sound relaxation methods, mediation techniques, tools for healthy living, and effective processes to work together as a community.

81. Plaintiff owns the copyright for the Breath Water Sound Manual and has filed an application to register this copyright with the United States Register of Copyrights.

82. Plaintiff is serving notice of this action on the Register of Copyright at the same time Plaintiff is filing this complaint with the Court, and thus Plaintiff is entitled to institute this action for copyright infringement.

83. Plaintiff has not licensed Defendants to use the Breath Water Sound Manual in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

84. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants reproduced and displayed Plaintiff's Breath Water Sound Manual on the Blogs.

85. On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiffs copyrighted materials.

//

86. On information and belief, thousands of users of the Blogs viewed the unlawful copies of the Breath Water Sound Manual.

87. Defendants' copyright infringement has damaged Plaintiff in an amount to be proved at trial.

88. Also as a result of Defendants' infringement, Plaintiff has suffered injury of an irreparable nature.

## SECOND CLAIM FOR RELIEF

## (MISAPPROPRIATION OF TRADE SECRETS, Civ. C. §3426 *et seq.*)

89. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-88 above.

90. Plaintiff possesses information that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

91. Plaintiff's information constitutes a trade secret under California Civil Code section 3426 *et seq.*

92. Plaintiff's trade secret information is contained in Plaintiff's Manuals, namely a) the Training Guide Phase One, b) the Continuation Manual, and c) the Yes! Teacher Notes.

93. Additionally, Plaintiff's trade secret information is contained in Plaintiff's teaching processes for Sudarshan Kriya. Plaintiff has avoided creating a written document describing these processes specifically to prevent the unlawful distribution of Plaintiff's Sudarshan Kriya teaching principles.

94. Plaintiff's trade secret information provides Plaintiff with an independent economic value because Plaintiff is the sole U.S. organization that is able to teach its breathing, thought, mediation, and yoga principles including Sudarshan Kriya, in a safe and understandable manner. The trade secret information is instrumental in allowing Plaintiff to effect these teachings.

95. But for Plaintiff's efforts to keep this trade secret information confidential, others could employ Plaintiff's teaching techniques, which would not only reduce Plaintiff's registration revenues, but would also tarnish Plaintiff's teachings. Misuse of Plaintiff's trade secret materials could cause students not to comprehend Plaintiff's teachings or for the teachings to result in difficulties for the students.

96. Plaintiff has engaged in diligent efforts to keep its trade secrets confidential, including by requiring all student-teachers to agree to maintain the confidentiality of these materials.

97. On information and belief, Defendants are former student-teachers of Plaintiff.

98. On information and belief, Defendants agreed to keep Plaintiff's trade secret information confidential, and only to use Plaintiff's trade secret information to instruct Plaintiff's students.

99. On information and belief, Defendants conspired with each other to publish Plaintiff's trade secret information on the Blogs, including the publishing of a) the Training Guide Phase One, b) the Continuation Manual, and c) the Yes! Teacher Notes.

100. Additionally, on information and belief, Defendants conspired to publish on the Blogs a link to a written summary of Plaintiff's teaching processes for Sudarshan Kriya.

101. Defendants have acquired Plaintiff's trade secrets knowing or having reason to know that the trade secrets were acquired by improper means.

102. Defendants have disclosed and used Plaintiff's trade secrets without the express or implied consent of Plaintiff, having used improper means to acquire knowledge of the trade secrets and at the time of the disclosure and use.

103. Defendants have disclosed and used Plaintiff's trade secrets without the express or implied consent of Plaintiff, and having at the time of the disclosure and use, knowledge or a reason to know that their knowledge of Plaintiff's trade secrets had been

1 derived from or through a person who had utilized improper means to acquire the trade secrets.

104. Defendants have disclosed and used Plaintiff's trade secrets without the express or implied consent of Plaintiff, and having at the time of the disclosure and use, had knowledge or reasons to know that their knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use.

105. Defendants have disclosed and used Plaintiff's trade secrets without the express or implied consent of Plaintiff, and having at the time of the disclosure and use, had knowledge or reasons to know that their knowledge of the trade secrets derived from or through a person who owed a duty to Plaintiff to maintain their secrecy or limit their use.

106. As a result of Defendants' misappropriation of Plaintiff's trade secrets, Plaintiff was substantially harmed in an amount to be proved at trial.

107. Also as a result of Defendants' misappropriation of Plaintiff's trade secrets, Plaintiff has suffered injury of an irreparable nature.

### THIRD CLAIM FOR RELIEF
### (DEFAMATION)

108. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-107 above.

109. Through their operation of and postings on the Blogs, Defendants have intentionally disparaged the quality of Plaintiff, Plaintiff's teachings, and Plaintiff's services.

110. Defendants made numerous publications on the Blogs that specifically attack the teachings and services of Plaintiff and discouraged others from engaging Plaintiff's services, including discouraging others from registering for Plaintiff's courses.

111. Defendants' statements were false.

112. Defendants' statements tended to disparage, injure, and lower in the esteem of others Plaintiff, AoL, and Ravi Shankar.

113. Defendants' statements were not protected by any recognized privilege.

114. As a result of Defendants' publication of defamatory statements, Plaintiff was substantially harmed in an amount to be proved at trial.

115. Also as a result of Defendants' publication of defamatory statements, Plaintiff has suffered injury of an irreparable nature.

## FOURTH CLAIM FOR RELIEF

## (TRADE LIBEL)

116. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-115 above.

117. Through their operation of and postings on the Blogs, Defendants have intentionally disparaged the quality of Plaintiff, Plaintiff's teachings, and Plaintiff's services.

118. Defendants made numerous publications on the Blogs that specifically attacked the teachings and services of Plaintiff and discouraged others from engaging Plaintiff's services, including discouraging others from registering for Plaintiff's courses.

119. On information and belief, as a direct result of Defendants' publications, others were discouraged from engaging Plaintiff's services, including being discouraged from registering for Plaintiff's courses.

120. As a result of Defendants' misconduct, Plaintiff was substantially harmed in an amount to be proved at trial.

121. Also as a result of Defendants' misconduct, Plaintiff has suffered injury of an irreparable nature.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that:

   a. Defendants have infringed on Plaintiff's copyright in the Breath Sound Water Manual;

      b.     Defendants have misappropriated Plaintiff's trade secrets;

      c.     Defendants have defamed Plaintiff;

      d.     Defendants have committed trade libel against Plaintiff;

2.    A preliminary and permanent injunction restraining Defendants from operating the Blogs and requiring that the Blogs be removed from the Internet;

3.    That the Court award damages and monetary relief as follows:

      a.     Damages in an amount to be determined at trial, including three times the amount found as actual damages by the trier of fact under 15 U.S.C. §1117(a) and (b);

      b.     Compensatory damages and unjust enrichment and/or a reasonable royalty under Civ. C. section 3426.3, including exemplary damages of two times the amount found as actual damages and unjust enrichment;

      c.     Compensatory damages for Defendants defamation and trade libel;

      d.     Plaintiff's attorneys' fees under Civ. C. section 3426.4 and 17 U.S.C. §505;

      e.     Plaintiff's costs;

4.    Such other relief that the Court determines is just and proper.

Respectfully Submitted,

DATED: November 5, 2010

**KRONENBERGER BURGOYNE, LLP**

By: 
Karl S. Kronenberger

Attorneys for Plaintiff
Art of Living Foundation

| | |
|---|---|
| 1 | **REQUEST FOR JURY TRIAL** |
| 2 | Plaintiff hereby demands a trial of this action by jury. |

DATED: November 5, 2010

**KRONENBERGER BURGOYNE, LLP**



By: _____
Karl S. Kronenberger

Attorneys for Plaintiff
Art of Living Foundation

Case No.

20

COMPLAINT