**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff
Art of Living Foundation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ART OF LIVING FOUNDATION,** a California corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>**DOES 1-10,** inclusive**,**<br><br>             Defendants. | Case No. 10-cv-5022 LB<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO TAKE EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES** |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**ADMIN. MOTION FOR EXPEDITED DISCOVERY; MPA**

1    Pursuant to Civil Local Rule 7-11, Plaintiff Art of Living Foundation ("Plaintiff")

2  hereby moves the Court for the issuance of an order permitting expedited discovery for

3  the identification and service of process upon unknown Doe defendants ("Defendants").

4  Defendants' stipulation to this motion could not be obtained because their identities and

5  locations are presently unknown to Plaintiff.  (Declaration of Karl S. Kronenberger in

6  Support of Motion for Administrative Relief to Take Expedited Discovery ("Kronenberger

7  Decl.") ¶2.)

8

9                 **MEMORANDUM OF POINTS AND AUTHORITIES**

10                        **INTRODUCTION AND BACKGROUND**

11    In connection with the complaint filed in this action ("the Complaint"), Plaintiff

12  seeks an order allowing the immediate and expedited discovery of identifying information

13  sought in the attached non-party subpoenas and other subpoenas to follow, required for

14  the full and accurate identification and location of Defendants.

15    As detailed in the Complaint, Plaintiff is the U.S. chapter of an international

16  educational and humanitarian organization based in Bangalore, India, with regional

17  centers in 140 countries.  Plaintiff is a nonprofit 501(c)(3) organization and serves as one

18  of the UN's largest volunteer-based NGOs.  Plaintiff's educational programs focus on

19  "Sudarshan Kriya" and its accompanying practices, which are time-honored stress

20  management/health promotion techniques.

21    Defendants are disgruntled former student-teachers and students of Plaintiff.

22  While the true identities of Defendants are unknown at this time, it is known that

23  Defendants have perpetrated a defamatory campaign against Plaintiff. Specifically,

24  Defendants have created blogs on which they have published, without Plaintiff's consent,

25  (1) false and completely fabricated statements about Plaintiff, (2) Plaintiff's confidential

26  trade secrets, and (3) Plaintiff's copyrighted material.  As a result of Defendants'

27  misconduct, Plaintiff has been—and continues to be—substantially harmed.

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 10-cv-5022 LB                                   **ADMIN. MOTION FOR EXPEDITED**
                                    1                    **DISCOVERY; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

## ADMINISTRATIVE RELIEF IS PROPER

2    Under the Federal Rules of Civil Procedure, a party may not generally initiate

3 discovery prior to the Rule 26(f) conference.  However, Rule 26(d) permits the Court to

4 authorize earlier discovery when the circumstances so require.  Civil Local Rule 7-11

5 permits a party to file a motion for relief regarding miscellaneous administrative matters,

6 and such motions are appropriate for the instant request. *See, e.g., Io Group, Inc. v.*

7 *Does 1-65*, individuals, No. 10-4377, 2010 WL 4055667, *\*passim* (N.D. Cal. Oct. 15,

8 2010) (authorizing early discovery sought through Civ. L.R. 7-11 motion).

9

## ARGUMENT IN FAVOR OF EXPEDITED DISCOVERY

10    Plaintiff requires the identities and locations of Defendants to effectuate service

11 upon the parties responsible for the misconduct alleged in the Complaint.  Good cause

12 exists for permitting expedited discovery under Federal Rule of Civil Procedure 26.

13 "Good cause may be found where the need for expedited discovery, in consideration of

14 the administration of justice, outweighs the prejudice to the responding party." *Semitool,*

15 *Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Where, as

16 here, Internet infringement is involved, "courts routinely find good causes exists" for

17 expedited discovery aimed at discovering the identity of Doe defendants.  *UMG*

18 *Recordings, Inc. v. Doe*, No. 08-1193, 2008 WL 4104214, *4 (N.D. Cal. Sept. 3, 2008)

19 (citing *Arista Records LLC v. Does 1-43*, No. 07-2357, 2007 WL 4538697, *1 (S.D. Cal.

20 Dec. 20, 2007)).   In order to obtain leave to conduct discovery to identify a Doe

21 defendant, the moving party must: (1) identify the defendant with enough specificity to

22 allow the Court to determine whether the defendant is a real person or entity who could

23 be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show

24 that its action could survive a motion to dismiss; and (4) identify the persons or entities on

25 whom discovery process might be served and for which there is a reasonable likelihood

26 that the discovery process will lead to identifying information. *Io Group, Inc.*, 2010 WL

27 4055667 at *1; *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal.

28 1999).

Case No. 10-cv-5022 LB                                2          **ADMIN. MOTION FOR EXPEDITED DISCOVERY; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

**A.     Identification of Defendants**

2      As alleged in the Complaint, Defendants have created blogs on which they have

3 posted—under pseudonyms—defamatory statements about Plaintiff and Plaintiff's

4 copyrighted materials and trade secrets.  On these blogs, Defendants admit that they are

5 disgruntled student-teachers and students of Plaintiff and evidence knowledge of

6 Plaintiff's practices.  Thus, while Defendants' names and locations remain unknown to

7 Plaintiff, Plaintiff has sufficiently determined that they are real persons subject to suit in

8 federal court.

9

**B.     Steps Taken to Locate Defendants**

10      Plaintiff has made a good faith effort to identify Defendants by reviewing their

11 defamatory and infringing posts on the following blogs: Leaving the Art of Living, located

12 at <artoflivingfree.blogspot.com> (the "Blogspot Blog"), and Beyond the Art of Living,

13 located at <aolfree.wordpress.com> (the "WordPress Blog") (collectively, "the Blogs").

14 (Kronenberger Decl. ¶3.)  Yet, neither Blog provides identifying information for the

15 posters.  Furthermore, Defendants have taken efforts to conceal their true identities on

16 these Blogs. (*Id.*)  Indeed, Defendants describe themselves on the WordPress Blog as

17 follows: "We are several people working together making this blog, but we retain

18 anonymity even amongst each other." (*Id.*)  As alleged in the Complaint, Defendants

19 operate and contribute to the Blogs under the following fictitious names: Skywalker,

20 Aolwhistleblower, Whistleblower, AoL-Free, Peaceful Warrior, Klim, Klim & Co., and

21 Prosecutor. (Compl. ¶59; Kronenberger Decl. ¶4.)  Defendants use and continue to use

22 these fictitious names to publish defamatory statements about Plaintiff on the Blogs.

23 (Compl. ¶62.)  Accordingly, Plaintiff's only hope of identifying Defendants is through the

24 requested subpoenas to Blogger, WordPress, and other entities.

25

**C.     Well-Pled Complaint**

26      Plaintiff has properly asserted the prima facie elements of each of the causes of

27 action in the Complaint:

28    • Copyright Infringement:  Plaintiff has alleged that it owns a valid copyright for its

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Breath Water Sound Manual and that Defendants infringed Plaintiff's copyright by

2    posting the manual on the Blogs.  (Compl. ¶¶75-88). *See, e.g., Kling v. Hallmark*

3    *Cards Inc.*, 225 F.3d 1030, 1037 (9th Cir. 2000).

4    • Misappropriation of Trade Secrets:  Plaintiff has pled:  (1) Plaintiff's ownership of

5    confidential and economically valuable trade secrets in its teaching materials and

6    unpublished teaching processes, (2) that Defendants acquired Plaintiff's trade

7    secrets under circumstances they knew gave them a duty to maintain its secrecy,

8    and (3) that Defendants disclosed those trade secrets on the Blogs without

9    Plaintiff's consent to Plaintiff's detriment (Compl. ¶¶89-107).  Civ. Code §3426.

10   • Defamation:  Plaintiff has alleged that Defendants published false, defamatory,

11   and unprivileged statements of fact about Plaintiff on the Blogs, resulting in a

12   pecuniary loss to Plaintiff.  (Compl. ¶¶108-115).  Civ. Code §§44–46; *see also*

13   *Visa U.S.A. Inc. v. First Data Corp.*, No. C 02-1786, 2004 WL 1792615, *2 (N.D.

14   Cal. Aug. 11, 2004).

15   • Trade Libel:  Plaintiff has alleged that Defendants published false information

16   about Plaintiff on the Blogs, which induced others not to conduct business with

17   Plaintiff, causing Plaintiff damages (Compl. ¶¶116–121).  *Visa U.S.A. Inc.*, 2004

18   WL 1792615 at *2 (citing *Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964)).

19   In summary, the allegations in the Complaint demonstrate that it would survive a motion

20   to dismiss.

21        **D.    Entities to be Subpoenaed**

22        The proposed subpoenas are minimally invasive and carefully tailored to meet

23   Plaintiff's prosecutorial needs, seeking only identifying information regarding accounts

24   used by the Defendants in administering the Blogspot Blog and the WordPress Blog.

25   *Qwest Comm. Int'l, Inc., v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo.

26   2003) (scope of discovery should be considered when determining "good cause"

27   showing).  Courts have held that computer users do not have a legitimate expectation of

28   privacy in such subscriber information—including subscribers' names, addresses, and

Case No. 10-cv-5022 LB                    4          **ADMIN. MOTION FOR EXPEDITED**
                                                     **DISCOVERY; MPA**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 passwords—because they have voluntarily conveyed it to the system operator. *See*

2 *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001) (*citing United States v. Maxwell*, 45 M.J.

3 406, 418 (CAAF 1996)); *United States v. Kennedy*, 81 F.Supp 2d 1103, 1110 (D. Kan.

4 2000); *United States v. Hambrick*, No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3,

5 2000). Additionally, Plaintiff's subpoenas will not impose an undue burden on those

6 subpoenaed because the limited information requested is likely kept in electronic format

7 and is easily searchable and retrievable.

8     The subpoena recipients are the direct providers of services to the Defendants:

9 • **Google, Inc.:** Google owns Blogger, host of the Blogspot Blog. The subpoena

10 seeks account data to identify those directly responsible for the operation and

11 maintenance of the Blogspot Blog, namely the person using the username: AoL-

12 Free. Google also owns Gmail, an online email service, and the Gmail address

13 reklawyksekul@gmail.com is listed as the contact information for the administrator

14 of the Blogspot Blog. (Kronenberger Decl. ¶4.) Thus, the subpoena to Google

15 also seeks identifying data for reklawyksekul@gmail.com.

16 • **Automattic, Inc.:** Automattic owns WordPress, host of the WordPress Blog. The

17 subpoena seeks account user data, including origination information, to identify

18 those directly responsible for the operation and maintenance of the WordPress

19 Blog, including those using the following usernames: Peaceful Warrior, Skywalker,

20 Prosecutor, and Aolwhistleblower. Automattic also owns Gravatar, which

21 manages profiles for the above-referenced WordPress usernames. (Kronenberger

22 Decl. ¶ 7.) Thus, the subpoena to also seeks account data, including origination

23 information, for the following Gravatar profiles: mcauthon, aolwhistleblower,

24 skyklim, and artoflivingfeedback.

25

26 //

27 //

28 //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

**CONCLUSION**

2      Plaintiff has demonstrated a compelling need for the information sought by

3  expedited discovery, which is necessary to the proper pleading and service of process in

4  the present case.   Thus, for the foregoing reasons, the Court should grant Plaintiff's

5  administrative motion.

6

7  DATED:  November 9, 2010                    **KRONENBERGER BURGOYNE, LLP**

8

9                                      By:  ___s/Karl S. Kronenberger_____
                                              Karl S. Kronenberger

10

11                                      Attorneys for Plaintiff
                                       Art of Living Foundation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 10-cv-5022 LB                   6        **ADMIN. MOTION FOR EXPEDITED
                                                   DISCOVERY; MPA**