# Exhibit A

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| Art of Living Foundation ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 10-cv-5022 LB |
| Does 1-10, inclusive ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Northern District of California |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

To: Google Inc. c/o Corporation Service Company d/b/a CSC - Lawyers Incorporating Service
2730 Gateway Oaks Dr. Ste 100, Sacramento, CA 95833

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Attachment A

| Place: KRONENBERGER BURGOYNE, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108 | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Art of Living Foundation , who issues or requests this subpoena, are:

Karl S. Kronenberger, Kronenberger Burgoyne, LLP 150 Post Street, Suite 520, San Francisco, CA 94108
karl@KBInternetLaw.com; (415) 955-1155

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 10-cv-5022 LB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**

**Definitions**

1. The terms "YOU," "YOUR," and "GOOGLE" as used herein mean and include Google, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2. "PLAINTIFF" as used herein, means and includes Plaintiff Art of Living Foundation and its employees, independent contractors, agents, and/or ANY PERSON work on its behalf.

3. "PERSON" OR "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), OR other legal, business OR governmental entity.

4. "AND" AND "OR" shall be construed both conjunctively AND disjunctively, AND each shall include the other whenever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope.

5. "ANY" AND "ALL" shall both be interpreted in the most inclusive light, AND shall include "ANY AND ALL."

6. "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 and to "writings" and "recordings" by Fed. R. Evid. 1001, and include without limitation the original and each non-identical copy of any written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT includes but is not limited to electronic mail, file folders, file jackets and metadata, as well as each original and each copy, stored electronically or in any other format, information, all drafts, and all non-identical copies bearing notations or marks not found in the original or other copies and includes, without limitation, all notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (including appointment calendars, day calendars, day timers), appointment books, logs, bank records (including monthly or other periodic statements, checks, deposit slips, wire transfer

documentation), financial records (including books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7. "EACH" means each and every.

8. The term "INCLUDING" as used herein is illustrative and is in no way a limitation on the information requested.

9. "REGARDING" or "RELATING" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

**Instructions**

1. Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, including tangible items of any nature which are now or have at any time been within YOUR possession, custody, or control.  In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to Plaintiff's counsel at Kronenberger Burgoyne, LLP, 150 Post Street, Suite 520, San Francisco, CA 94108 within the time permitted by law.  By permitting YOU to provide legible copies in lieu of originals, Plaintiff reserves the right to request the inspection of any original document or tangible thing at any time and place that is mutually convenient for Plaintiff and YOU.

2. Each DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be identified at such production according to the number of the request to which it corresponds.  Each DOCUMENT shall be produced in its original file folder, or, in lieu thereof, any writing on the file folder from which each such document is taken and shall be copied and appended to such document.

3. For each DOCUMENT produced, identify the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4. Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5. Identify all DOCUMENTS requested hereby that were at any time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6. If YOU object to a request as unduly burdensome or overly broad, YOU shall answer those portions of the request which are unobjectionable and state specifically in what respect the request is objectionable.

## Request for Production of Documents

1. YOU are hereby authorized and ordered to expeditiously disclose, to the above named PLAINTIFF, Art of Living Foundation, information sufficient to identify the user data and account holder for each of the following:

    a. The individual(s) who established and maintain control of the blog located at <artoflivingfree.blogspot.com> (the "Blog");

    b. The Blogger User Profile associated with the Blog: AoL-Free; and

    c. The email account <reklawyksekul@gmail.com>.

Such identifying information shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, and email addresses that are associated with each of the above.

# Exhibit B

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Art of Living Foundation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10-cv-5022 LB |
| Does 1-10, inclusive | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

To: Automattic, Inc. c/o Toni Schneider
Pier 38 at the Embarcadero, San Francisco, CA 94107

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Attachment A

| Place: KRONENBERGER BURGOYNE, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108 | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Art of Living Foundation , who issues or requests this subpoena, are:

Karl S. Kronenberger, Kronenberger Burgoyne, LLP 150 Post Street, Suite 520, San Francisco, CA 94108
karl@KBInternetLaw.com; (415) 955-1155

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 10-cv-5022 LB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**

**Definitions**

1. The terms "YOU," "YOUR," and "AUTOMATTIC" as used herein mean and include Automattic, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2. "PLAINTIFF" as used herein, means and includes Plaintiff Art of Living Foundation and its employees, independent contractors, agents, and/or ANY PERSON work on its behalf.

3. "PERSON" OR "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), OR other legal, business OR governmental entity.

4. "AND" AND "OR" shall be construed both conjunctively AND disjunctively, AND each shall include the other whenever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope.

5. "ANY" AND "ALL" shall both be interpreted in the most inclusive light, AND shall include "ANY AND ALL."

6. "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 and to "writings" and "recordings" by Fed. R. Evid. 1001, and include without limitation the original and each non-identical copy of any written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT includes but is not limited to electronic mail, file folders, file jackets and metadata, as well as each original and each copy, stored electronically or in any other format, information, all drafts, and all non-identical copies bearing notations or marks not found in the original or other copies and includes, without limitation, all notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (including appointment calendars, day calendars, day timers), appointment books, logs, bank records (including monthly or other periodic statements, checks, deposit slips, wire transfer

documentation), financial records (including books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7. "EACH" means each and every.

8. The term "INCLUDING" as used herein is illustrative and is in no way a limitation on the information requested.

9. "REGARDING" or "RELATING" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

**Instructions**

1. Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, including tangible items of any nature which are now or have at any time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to Plaintiff's counsel at Kronenberger Burgoyne, LLP, 150 Post Street, Suite 520, San Francisco, CA 94108 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, Plaintiff reserves the right to request the inspection of any original document or tangible thing at any time and place that is mutually convenient for Plaintiff and YOU.

2. Each DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be identified at such production according to the number of the request to which it corresponds. Each DOCUMENT shall be produced in its original file folder, or, in lieu thereof, any writing on the file folder from which each such document is taken and shall be copied and appended to such document.

3. For each DOCUMENT produced, identify the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4. Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5. Identify all DOCUMENTS requested hereby that were at any time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6. If YOU object to a request as unduly burdensome or overly broad, YOU shall answer those portions of the request which are unobjectionable and state specifically in what respect the request is objectionable.

**Request for Production of Documents**

1. YOU are hereby authorized and ordered to expeditiously disclose, to the above named PLAINTIFF, Art of Living Foundation, information sufficient to identify the user data and account holder for the following:

    a. The individual(s) who established and maintain control of the blog located at <aolfree.wordpress.com> (the "Blog");

    b. WordPress username Skywalker associated with the Blog;

    c. WordPress username Peaceful Warrior associated with the Blog;

    d. WordPress username Prosecutor associated with the Blog;

    e. WordPress username Aolwhistleblower associated with the Blog;

    f. Gravatar profile for Aolwhistleblower associated with the Blog;

    g. Gravatar profile for Mcauthon associated with the Blog;

    h. Gravatar profile for Skyklim associated with the Blog;

    i. Gravatar profile for artoflivingfeedback associated with the Blog.

   Such identifying information shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, and email addresses that are associated with each of the above.