1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES  DISTRICT COURT**

Northern District of California

Oakland Division

ART OF LIVING FOUNDATION,

                    Plaintiff,

          v.

DOES 1-10,

                    Defendant(s).

_____/

No. C 10-05022 LB

**ORDER RE PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO TAKE EXPEDITED DISCOVERY [ECF No. 5]**

## I.  INTRODUCTION

On November 5, 2010, Plaintiff Art of Living Foundation filed this lawsuit against Doe Defendants, asserting claims for copyright infringement under federal law and misappropriation of trade secrets, defamation, and trade libel under California law.  *See* Complaint, ECF No.1.  On November 9, 2010, Plaintiff filed the instant Motion for Administrative Relief to Take Expedited Discovery pursuant to Federal Rule of Civil Procedure 26(d).  ECF No. 5.  Specifically, Plaintiff requests that the Court allow it to serve subpoenas on two third-parties to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them.

As discussed below, Plaintiff has demonstrated that: (1) the Doe Defendants are real people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe defendants prior to filing this Motion; (3) its claims against the Doe Defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on the two third-parties will lead to information identifying the Doe Defendants.  The Court therefore finds that

1   Plaintiff has established good cause exists to allow it to engage in this preliminary discovery.

2   Accordingly, the Court **GRANTS** Plaintiff's Motion.

## II.  BACKGROUND

4   Plaintiff is the United States chapter of The Art of Living Foundation, an international

5   educational and humanitarian organization that offers courses focusing on Sudarshan Kriya – a

6   rhythmic breathing exercise – and its related practices.  Compl. ¶¶ 2, 3, ECF No. 1 at 2.  Plaintiff

7   alleges that the Doe Defendants "are disgruntled former student-teachers and students" who have

8   "perpetuated an attack-campaign against Plaintiff" by creating two blogs where they published

9   Plaintiff's confidential trade secrets and copyrighted material and made false and defamatory

10  statements about Plaintiff and its teachings.  *Id.* ¶¶  4-7.  Specifically, Plaintiff alleges that beginning

11  in November 2009, the Doe Defendants started a blog entitled, "Leaving the Art of Living," located

12  at artoflivingfree.blogspot.com.  *Id.* ¶ 53.  Plaintiff further alleges that a year later, in November

13  2010, the Doe Defendants started a second blog entitled, "Beyond the Art of Living," located at

14  aolfree.wordpress.com.  *Id.* ¶ 54.  According to Plaintiff, the Doe Defendants regularly post

15  defamatory comments about Plaintiff and Ravi Shankar and have reproduced and displayed

16  Plaintiff's copyrighted material and confidential trade secrets on the blogs.  *Id.* ¶¶ 57, 60-63, 67, 68.

17  Because the individuals have published the statements under pseudonyms, Plaintiff does not know

18  their identities and is unable to name them in the Complaint or to complete service of process on

19  them.  *Id.* ¶ 59; Motion, ECF No. 5 at 3; Declaration of Karl S. Kronenberger, ¶¶ 4, 6, 7, ECF No. 6

20  at 2, 5 6.  Plaintiff therefore requests that, pursuant to Federal Rule of Civil Procedure 26(d), the

21  Court grant it leave to serve supboeans on Google, Inc., and Automattic, Inc., which operate the sites

22  that host the blogs, so that Plaintiff may obtain the names and locations of the Doe Defendants.

23  Motion, ECF No. 5 at 4-5.

## III.  DISCUSSION

25  **A.  Legal Standard for Leave to Take Early Discovery**

26  A court may authorize early discovery before the Rule 26(f) conference for the parties' and

27  witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts in this district

28  generally consider whether a plaintiff has shown "good cause" for the early discovery.  *See, e.g., IO*

UNITED STATES DISTRICT COURT
For the Northern District of California

*Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010);

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal. 2002).  Other

districts in the Ninth Circuit apply the same standard.  *See, e.g.*, *Texas Guaranteed Student Loan*

*Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *United States*

*v. Distribuidora Batiz CGH, S.A. De C.V.*, No C 07-370, 2009 WL 2487971, at *10 (S.D. Cal. Aug.

10, 2009); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz.

2001) (collecting cases and standards).

   When the identity of defendants is not known before a complaint is filed, a plaintiff "should be

given an opportunity through discovery to identify the unknown defendants, unless it is clear that

discovery would not uncover the identities, or that the complaint would be dismissed on other

grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  In evaluating whether a plaintiff

establishes good cause to learn the identity of Doe defendants through early discovery, courts

examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the

court can determine that the defendant is a real person who can be sued in federal court, (2) recounts

the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a

motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that

will permit service of process.  *Io Group*, 2010 WL 4055667 at * 1; *Columbia Ins. Co. v.*

*Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B.  Plaintiff Has Shown Good Cause**

   Here, Plaintiff has made a sufficient showing under each of the four factors listed above to

establish good cause to permit it to engage in early discovery to identify the Doe Defendants.

   First, Plaintiff has identified the possible Doe defendants with sufficient specificity by

identifying the pseudonyms they have used to post defamatory statements about Plaintiff and to post

Plaintiff's copyrighted materials and trade secrets.  *See* Kronenberger Decl., ¶¶ 3, 4, 6, 7, ECF No. 6

at 2, 6.

   Second, Plaintiff has adequately described the steps taken to locate and identify the Doe

defendants.  *See* Kronenberger Decl., ¶ 3, ECF No. 6 at 3.  Plaintiff has reviewed the posts on the

Blogspot and Wordpress blogs to ascertain information identifying the blogs' respective authors and

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1  contributors.  *Id*.  However, the individuals have used fictitious names when posting their statements

2  about Plaintiff.  *Id*. ¶¶ 3, 4, 6, 7.

3      Third, reviewing Plaintiff's Complaint, Plaintiff has sufficiently asserted the essential elements

4  and facts in support of each of its four claims.  *See* Compl. ECF No. 1 at 13-18.

5      Fourth, Plaintiff has demonstrated that the subpoena seeks information likely to lead to

6  identifying information that will allow Plaintiff to effect service of process on the Doe defendants.

7  The first subpoena is directed to Google, Inc., which owns Blogger, the host of the Blogspot Blog,

8  and seeks account information, such as the name, address, phone number, Internet protocol (IP)

9  address, Media Access Control (MAC) address, and email addresses associated with: (1) the

10  individual(s) who established and maintain control of the blog located at

11  artoflivingfree.blogspot.com; (2) the Blogger User Profile associated with the blog: AoL-Free; and

12  (3) the email account reklawyksekul@gmail.com.  *See* Ex. A to Kroenenberger Decl., ECF No. 6-1

13  at 7.  In its second proposed subpoena directed to Automattic, Inc., Plaintiff seeks information

14  sufficient to identify the user data and account holder of: (1) the individual(s) who established and

15  maintain control of the blog located at aolfree.wordpress.com; (2) and the WordPress usernames

16  "Skywalker," "Peaceful Warrior," "Prosecutor," and "Aolwhistleblower"; and (3) the Gravatar

17  profiles for "Aolwhistleblower," "Mcauthon," "Skyklim," and "artoflivingfeedback" associated with

18  the blog.  Thus, the information sought is minimally intrusive on Google, Inc. and Automattic, and

19  the subpoenas are narrowly tailored to seek only information that will allow Plaintiff to identify

20  those operating the blogs and posting the alleged defamatory statements and Plaintiff's intellectual

21  property.  *See* Ex. B to Kronenberger Decl., ECF No. 6-1 at 9-14.

22      Taken together, the Court finds that the foregoing factors demonstrate good cause exists to grant

23  Plaintiff leave to conduct early discovery to identify the Doe Defendants.  *See Semitool*, 208 F.R.D.

24  at 276.  Further, the Court finds that early discovery furthers the interests of justice and poses little,

25  if any, inconvenience to the subpoena recipients.  Permitting Plaintiff to engage in this limited, early

26  discovery is therefore consistent with Rule 26(d).

27  / / /

28  / / /

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1

### IV.  CONCLUSION

2    For the reasons stated above,

3    The Court **GRANTS** Plaintiff's Motion for Administrative Relief (ECF No. 5) as follows.

4    Plaintiff may serve discovery on Google, Inc., and Automattic, Inc., to obtain information regarding

5    the identities of the Doe Defendants in accordance with the following procedure.

6    1.   Plaintiff shall issue and serve the proposed subpoenas attached as Exhibits A and B to the

7    Kronenberger Declaration on Google, Inc., and Automattic, Inc., respectively, along with a copy of

8    this Order.

9    2.   Google Inc. and Automattic, Inc., will have <u>20 days</u> from the date of service upon them to

10   serve the account holders with a copy of the subpoena and a copy of this Order.  Google, Inc. and

11   Automattic, Inc., may provide notice using any reasonable means, including written notice sent to

12   the account holder's last known address, transmitted either by first-class mail or via overnight

13   service.

14   3.   The account holders shall have <u>30 days</u> from the date of service upon them to file any

15   motions with this Court contesting the subpoena (including a motion to quash or modify the

16   subpoena).  If that 30-day period lapses without an account holder contesting the subpoena, Google,

17   Inc., and Automattic, Inc., shall have <u>10 days</u> to produce the information responsive to the subpoena

18   to Plaintiff.

19   4.   Plaintiff shall be responsible for reimbursing Google, Inc. and Automattic, Inc., all

20   reasonable costs of: (1) compiling the requested information; (2) providing pre-disclosure

21   notifications to the account holders; and (3) all other reasonable costs and fees incurred responding

22   to discovery.  Google, Inc., and Automattic, Inc., shall provide Plaintiff with the amount of this

23   reasonable payment upon the termination of the targeted account holders' 30-day notice period.

24   **IT IS SO ORDERED.**

25   Dated: December 17, 2010

26                                    _____
                                      LAUREL BEELER
27                                    United States Magistrate Judge

28