**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff
Art of Living Foundation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ART OF LIVING FOUNDATION,** a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>**DOES 1-10,** inclusive**,**<br><br>        Defendants. | Case No. 10-cv-5022-LHK-HRL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS DOE/KLIM AND DOE/SKYWALKER'S MOTION TO QUASH OR MODIFY SUBPOENAS & EVIDENTIARY OBJECTIONS**<br><br>Date:    June 14, 2011<br>Time:    10:00 a.m.<br>Judge:  The Hon. Howard R. Lloyd<br>Ctrm:    Courtroom 2, 5th Floor |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

BACKGROUND ............................................................................................... 2

   A. Plaintiff & Plaintiff's Teachings ............................................................ 2

   B. Plaintiff's Training of its Teachers & Plaintiff's Trade Secrets ............................ 2

   C. Plaintiff's Breath Water Sound Manual .................................................... 3

   D. Defendants' Blogs ................................................................................ 4

PROCEDURAL BACKGROUND ..................................................................... 5

EVIDENTIARY OBJECTIONS ......................................................................... 6

ARGUMENT ..................................................................................................... 7

   A. This Court has personal jurisdiction over Defendants where they aimed their misconduct at California ...................................................................... 8

   B. Plaintiff has submitted prima facie evidence of its defamation claim .................. 10

   C. Plaintiff has submitted prima facie evidence of its trade libel claim .................... 14

   D. Plaintiff has submitted prima facie evidence of its misappropriation of trade secrets claim ...................................................................................... 15

   E. Plaintiff has disclosed its trade secrets to Defendants' counsel ........................ 17

   F. Plaintiff has submitted prima facie evidence of its copyright infringement claim  18

   G. Plaintiff suffered a cognizable injury from Defendants' copyright infringement .. 20

CONCLUSION ................................................................................................. 22

PLAINTIFF'S OPP. TO DEFENDANTS' MOT.
TO QUASH OR MODIFY SUBPOENAS

**TABLE OF AUTHORITIES**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ............................. 19

*Aetna Cas. & Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346 (9th Cir. 1988) ......... 14

*Alderson v. United States*, 718 F. Supp. 2d 1186 (C.D. Cal. 2010)............................. 15

*Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789 (8th Cir. 2003)............................. 21

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).......................................... 18

*Associated Residential Design, LLC v. Molotky*, 226 F. Supp. 2d 1251
    (D. Nev. 2002) ...................................................................................... 22

*Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257 (9th Cir. 1989)................ 9

*Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629 (S.D. Cal. 1993)...................... 15-16

*Calder v. Jones*, 465 U.S. 783 (1984) ................................................................. 8-9

*Cohen v. Google, Inc.*, 887 N.Y.S.2d 424 (N.Y. Sup. Ct. 2009) ................................... 11

*ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993 (2001)................................... 14

*Cytodyn, Inc. v. Amerimmune Pharmaceuticals, Inc.*, 160 Cal. App. 4th 288 (2008) .... 14

*Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394 (1999)..................................................... 10

*Global Videos, Inc. v. Niekerk*, 04-56690, 2006 WL 1737413 (9th Cir. June 22, 2006)  21

*Gordy v. Daily News, L.P.*, 95 F.3d 829, 832 (9th Cir. 1996)  ......................................... 9

*In re Anonymous Online Speakers*, -- F.3d –, No. 09-71265, 2011 WL 61635
    (9th Cir. Jan. 7, 2011) ........................................................................... 7, 8

*Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, Cal. Rptr. 184 (Cal. Ct. App. 1982). ....... 13

*O'Hara v. Storer Communications, Inc.*, 231 Cal. App. 3d 1101 (1991) ...................... 13

*Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688 (2007) ............. 12

*Paterno v. Superior Court*, 163 Cal. App. 4th 1342 (2008)...................................... 12-13

*Religious Tech. Ctr. V. Netcom On-Line Commc'n Services, Inc.*,
    923 F. Supp. 1231, 1253 (N.D. Cal. 1995) ...................................................... *passim*

*Rodriguez v. Panayiotou*, 314 F.3d 979 (9th Cir. 2002) ............................................. 11

*Rosemont Enter., Inc. v. Random House, Inc.*, 366 F.2d 303 (2d Cir. 1966) ............... 19

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

PLAINTIFF'S OPP. TO DEFENDANTS' MOT.
TO QUASH OR MODIFY SUBPOENAS

*Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).  ............. 20

*Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004)  .............. 18

*UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175 (9th Cir. 2011) ............................... 18

*Vegod Corp. v. American Broadcasting Companies, Inc.*, 25 Cal. 3d 763 (1975) ......... 12

*Walt Disney Co. v. Powell*, 897 F.2d 565 (D.C. Cir. 1990) ........................................... 20

*Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769 (9th Cir. 2006)..... 21

*Weller v. Am. Broad. Companies, Inc.*, 232 Cal. App. 3d 991 (1991).......................... 13

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199

   (9th Cir. 2006).............................................................................................................. 8

*Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179 (E.D. Cal. 2008) ....................... 10, 13

## Federal Statutes, Rules, and Other Authorities

Cal. Code of Civil Procedure §2019.210 ................................................................. 17-18

Fed. R. Evid. 602 ....................................................................................................... 6-7

Fed. R. Evid. 1002 ......................................................................................................... 7

17 U.S.C. §502.............................................................................................................. 20

17 U.S.C. §504(b). ....................................................................................................... 22

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Plaintiff Art of Living Foundation ("Plaintiff"), by and through its counsel of record,

2  respectfully submits the following memorandum of points and authorities in opposition to

3  the Motion to Quash or Modify Subpoenas of Defendants Doe/Klim and Doe/Skywalker

4  (collectively, "Defendants") and to Proceed Pseudonymously.

5                    **MEMORANDUM OF POINTS AND AUTHORITIES**

6                                   **INTRODUCTION**

7    In their motion to quash, Defendants argue that the First Amendment protects

8  their identities from disclosure.  Defendants base this argument on unsupported claims

9  that they will be exposed to harassment and retaliation if their identities are revealed.  Of

10 course, Defendants downplay the fact that they have published false statements

11 accusing Plaintiff of criminal activity and financial misconduct on two blogs.  Defendants

12 also downplay the fact that they have published Plaintiff's trade secrets and copyrighted

13 materials on the blogs.  While the First Amendment provides a right to anonymous

14 speech, it does not provide a right to anonymous defamation, copyright infringement, or

15 trade secret misappropriation.  Defendants have engaged in precisely this misconduct.

16    The Ninth Circuit has recognized conflicting standards governing the disclosure of

17 an anonymous speaker's identity.  However, where a plaintiff is able to present prima

18 facie evidence supporting its causes of action, all courts agree that the anonymous

19 defendant's identity may be revealed.  Here, Plaintiff has presented prima facie evidence

20 supporting all of its claims, including the existence of personal jurisdiction:

21  • Plaintiff has submitted evidence that Defendants expressly aimed their misconduct

22     toward California where Plaintiff is based in California, the blogs refer to Plaintiff,

23     Plaintiff's website, Plaintiff's employees, and California, and Plaintiff has received

24     inquiries about the blogs;

25  • Plaintiff has submitted prima facie evidence that Defendants' statements on the

26     blogs are false, defamatory, unprivileged, and were made with actual malice;

27  • Plaintiff has submitted prima facie evidence in support of its trade libel claim

28     showing that Defendants published statements that disparaged the quality of

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**PLAINTIFF'S OPP. TO DEFENDANTS' MOT.
TO QUASH OR MODIFY SUBPOENAS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Plaintiff's services and induced others not to deal with Plaintiff;

- Plaintiff has submitted prima facie evidence that its manuals and teaching principles constitute trade secrets where Plaintiff has used diligent efforts to keep these materials confidential, and where Plaintiff derives economic value from their secrecy; and

- Plaintiff has submitted prima facie evidence of Defendants' infringement of Plaintiff's copyright, including that Plaintiff has suffered damages as a result of the infringement.

Because Plaintiff has submitted prima facie evidence supporting all four of its claims, the Court should deny Defendants' motion to quash.

## BACKGROUND

**A.    Plaintiff & Plaintiff's Teachings**

Plaintiff, the Art of Living Foundation, is a California non-profit corporation based in Goleta, California.  (Declaration of Ashwani Dhall ("Dhall Decl.") ¶11.)  Plaintiff is not a religious organization or a cult.  (*Id.* ¶12.)  Rather, Plaintiff is a non-denominational educational and humanitarian organization dedicated to the teachings of His Holiness Sri Sri Ravi Shankar ("Shankar").  (*Id.* ¶13.)  Plaintiff offers courses on breathing, meditation, and yoga.  (*Id.* ¶14.)  At the core of Plaintiff's teachings is Sudarshan Kriya, which is a rhythmic breathing exercise.  (*Id.* ¶15.)

Generally, individuals who wish to take a course offered by Plaintiff must register and pay the course fee.  (Dhall Decl. ¶18.)  The fee is typically $250 for the Art of Living Course, which teaches the basics of Sudarshan Kriya.  (*Id.* ¶18.)  Plaintiff uses the money it raises through its courses to maintain its facilities, to train new teachers for its courses, and to provide humanitarian aid and community service.  (*Id.* ¶19.)

**B.    Plaintiff's Training of its Teachers & Plaintiff's Trade Secrets**

Many organizations in the U.S. offer courses on breathing, yoga, and meditation.  (Dhall Decl. ¶20.)  Plaintiff distinguishes its courses from other courses by requiring the specialized training of its teachers.  (*Id.* ¶21.)  The training of Plaintiff's teachers results

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   in a direct financial benefit to Plaintiff in the form of course fees (both from new and

2   continuing students).  (*Id.* ¶22.)

3          Given the importance Plaintiff places on teacher training, Plaintiff—in

4   consultation with Shankar—has developed detailed processes by which its courses are

5   to be taught.  (Dhall Decl. ¶23.)   These processes are contained in several written

6   manuals developed by Plaintiff in consultation with Shankar. (*Id.* ¶¶24-28 & Exs. A-C.)

7   These manuals include a) the Training Guide Phase One Manual, b) the Phase One

8   Supplement Manual (the Continuation Manual), and c) the Yes! Teacher Notes

9   (collectively, the "Manuals"). (*Id.*) Plaintiff has intentionally not memorialized the

10  teaching processes for Sudarshan Kriya in a formal manual to prevent the unlawful

11  distribution of its Sudarshan Kriya teaching principles (the "Principles"). (*Id.* ¶¶29-31 &

12  Ex. D.) Instead, Plaintiff trains teachers of Sudarshan Kriya through oral presentations,

13  during which the student-teachers may take written notes.  (*Id.*)  Plaintiff keeps the

14  Manuals and Principles strictly confidential and requires its student-teachers to keep

15  these materials confidential and use them only in teaching Plaintiff's courses.  (*Id.* ¶33-

16  36.)

17  **C.    Plaintiff's Breath Water Sound Manual**

18         Plaintiff authored and published an informational booklet entitled the Breath Water

19  Sound Manual in 2003, which Plaintiff subsequently registered with the United States

20  Copyright Office, Registration No. TX0007240203.  (Dhall Decl. ¶¶37-38 & Ex. D.)  The

21  Breath Water Sound Manual is used by Plaintiff in connection with its Breath Water

22  Sound course, which is typically offered by Plaintiff at no charge. (*Id.* ¶39.)  The Breath

23  Water course explains some basic teachings of Plaintiff, including some basic breath

24  exercises, sound relaxation methods, meditation techniques, tools for healthy living, and

25  effective processes to work together as a community.  (*Id.* ¶40.)  The Breath Water

26  Sound Manual is used to train teachers of the Breath Water Sound course.  (*Id.* ¶42.)

27  Many students who take the Breath Water Sound course subsequently enroll in one of

28

1  Plaintiff's fee-based courses.  (*Id.* ¶41; Declaration of Natalie Kaharick ("Kaharick Decl.")

2  *passim*.)

3  **D.    Defendants' Blogs.**

4      In or around November 2009, Defendant Klim (possibly in coordination with other

5  anonymous Defendants) started the blog entitled "Leaving the Art of Living" and located

6  at <artoflivingfree.blogspot.com> (the "Blogspot Blog").  (Dhall Decl. ¶43; Declaration of

7  Doe/Klim ("Klim Decl.") ¶2.)    On or before May 2010, Defendant Skywalker (in

8  coordination with other anonymous Defendants) started the blog entitled Beyond the Art

9  of Living and located at <aolfree.wordpress.com> (the "Wordpress Blog"; the Blogspot

10  Blog and the Wordpress Blog are referred to collectively as the "Blogs").  (Dhall Decl.

11  ¶44; Declaration of Doe/Skywalker ("Skywalker Decl.") ¶3.)

12      With few exceptions the Blogs have remained active and accessible since their

13  creation.  The ostensible purpose of the Blogs is to provide former students of Plaintiff

14  and those doubting Plaintiff's teachings a space to heal, find answers, and understand

15  the experiences they went through as students of Plaintiff.  (Declaration of Jeffrey M.

16  Rosenfeld in Opposition to Defendants' Motions ("Rosenfeld Decl.") ¶¶3-5 & Exs. A-C.)

17  In fact, the Blogs contain numerous false and defamatory statements about Plaintiff.

18  (Dhall Decl. ¶46.)    Each anonymous Defendant has posted false and defamatory

19  statements on the Blogs (hereinafter the 18 defamatory statements identified in the

20  complaint and Skywalker's additional defamatory statements identified in Paragraphs 7-8

21  of the Rosenfeld Declaration are referred to as the "Statements").  (Rosenfeld Decl. ¶¶6-

22  8 & Exs. D-F.)

23      In addition to publishing false and defamatory Statements on the Blogs, Defendant

24  Skywalker (possibly in coordination with other anonymous Defendants) posted Plaintiff's

25  confidential, trade-secret information on the Wordpress Blog.  (Skywalker Decl. ¶9 & Exs.

26  B-D.)    Specifically, during June and July of 2010, Skywalker posted the Manuals and a

27  link to a written description of Plaintiff's teaching Principles for Sudarshan Kriya on the

28  Wordpress Blog.  (*Id.*)  Additionally, Defendant Skywalker (possibly in coordination with

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   other anonymous Defendants) published the full text of the Breath Water Sound Manual

2   on the Wordpress Blog.  (*Id.* & Ex. E.)

3       The Blogs are viewed by thousands of people each month.  (Declaration of Dr.

4   Frederick B. Cohen in Opposition to Defendants' Motions ("Cohen Decl.") ¶2-7 & Exs. A-

5   B.)  Of these thousands of people the vast majority are located in the United States.  (*Id.*)

6   Approximately 78% of the Blogspot Blog's viewers are located in the U.S., and

7   approximately 73% of the Wordpress Blog's viewers are located in the United States.

8   (*Id.*)

9       The Blogs have had their intended effect—*i.e.* to discourage people from taking

10  Plaintiff's courses.  (Dhall Decl. ¶¶49-53.)   Plaintiff has received numerous inquiries

11  about the truthfulness of the Statements.  (*Id.* ¶50.)   Many of these people have

12  expressed anger, frustration, or outrage to Plaintiff based on the Blogs' false

13  Statements—particularly the Blogs' accusation of physical abuse, sexual abuse, financial

14  misconduct, and fraud.  (*Id.* ¶52.)  Many of these people have also informed Plaintiff that

15  they would not register for Plaintiff's courses as a result of the Statements.  (*Id.* ¶53.)

16                              **PROCEDURAL BACKGROUND**

17      On November 5, 2010, Plaintiff filed this lawsuit against several Doe Defendants

18  who operate and contribute to the Blogs under the fictitious names Klim, Skywalker,

19  Aolwhistleblower,  Whistleblower,  Peaceful  Warrior,  Klim  &  Co.,  AoL-Free,  and

20  Prosecutor.   [D.E. No. 1.]   The complaint asserts claims for copyright infringement,

21  misappropriation of trade secrets, defamation, and trade libel.  [D.E. No. 1.]

22      On November 9, 2010, Plaintiff filed a motion for administrative relief to take

23  expedited discovery pursuant to Federal Rule of Civil Procedure 26(d).  [D.E. No. 5.]

24  On December 17, 2010 the Court granted Plaintiff's motion and permitted Plaintiff to

25  conduct discovery to identify Defendants.  [D.E. No. 10.]  In granting Plaintiff's motion,

26  the Court found that Plaintiff had sufficiently asserted the essential elements and facts

27  in support of each of its four claims.  Thus, the Court found that good cause existed for

28  Plaintiff to conduct early discovery to identify Defendants.

Pursuant to the Court's December 17 order, on December 20-21, 2011 Plaintiff served subpoenas on Google, Inc. and Automattic, Inc. seeking information sufficient to identify Defendants (the "Subpoenas").   On  January  31,  2011—before  Google  or Automattic  had  responded  to  the  Subpoenas—anonymous  Defendants  Klim  and Skywalker filed a motion to dismiss, motion to strike under Code of Civil Procedure 425.16, and motion to quash the Subpoenas (collectively, the "Motions").  [D.E. Nos. 11-13.]

## **EVIDENTIARY OBJECTIONS**

Plaintiff objects to the declarations of Klim and Skywalker as set forth below:[1]

Skywalker and Klim Declarations Generally:  Plaintiff objects to the declarations of Klim and Skywalker in their entirety, as Skywalker and Klim's anonymous testimony lacks the foundational requirements of the Federal Rules of Evidence and deprives Plaintiff of the opportunity to assess the accuracy of the declarations.  Specifically, neither Klim nor Skywalker has established that their declarations are based on their personal knowledge. Fed. R. Evid. 602.  Moreover, Skywalker and Klim ask the Court and Plaintiff to believe their  testimony  without  providing  Plaintiff  any  opportunity  to  contest  it.    Such  a presumption is antithetical to the American judicial system.   Thus, the Court should exclude the entire declarations of Skywalker and Klim.

Paragraphs 4, 5, 7, and 11 of the Skywalker Declaration and Paragraph 3 of the Klim Declaration:  Plaintiff objects to Paragraphs 4, 5, 7, 11 of the Skywalker declaration and Paragraph 3 of the Klim declaration as containing hearsay.  In these paragraphs, Skywalker and Klim testify about statements of third parties regarding Plaintiff, Plaintiff's teachings, and Shankar.  Skywalker and Klim offer this testimony for the truth of the referenced  statements,  and  no  hearsay  exception  protects  Skywalker  and  Klim's

---

[1] Defendants offer the declarations of Klim and Skywalker in support of their motion to quash, special motion to strike, and motion to dismiss.  In this opposition, Plaintiff objects to admissibility of Defendants' declarations in support of all three motions.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 10-cv-5022-LHK-HRL                    6              PLAINTIFF'S OPP. TO DEFENDANTS' MOT.
TO QUASH OR MODIFY SUBPOENAS

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 testimony from exclusion.  Thus, the Court should exclude Paragraphs 4, 5, 7, 11 of the

2 Skywalker declaration and Paragraph 3 of the Klim Declaration.

3      <u>Paragraph 6 of the Skywalker Declaration</u>:  Plaintiff objects to Paragraph 6 of the

4 Skywalker declaration, in which Skywalker testifies that the teaching processes for

5 Sudarshan Kriya are not kept strictly confidential.  To the extent Skywalker is testifying

6 that Plaintiff does not keep its teaching processes for Sudarshan Kriya strictly

7 confidential, Skywalker has not provided any foundation for his knowledge of these facts,

8 including no foundation regarding his relationship with Plaintiff.  Federal Rule of Evidence

9 602 provides that a witness may not testify to a matter unless sufficient evidence is

10 introduced to support a finding that the witness has personal knowledge of the matter.

11 Skywalker has not submitted such evidence here.  Thus, the Court should exclude

12 Paragraph 6 of the Skywalker declaration.

13      <u>Paragraph 12 of the Skywalker Declaration</u>:  Plaintiff objects to Paragraph 12 of

14 the Skywalker declaration as violating the best evidence rule and/or constituting hearsay.

15 The best evidence rule, Fed. R. Evid. 1002, excludes secondary evidence offered to

16 prove the contents of a writing, recording, or photograph.  Paragraph 12 of the Skywalker

17 describes analytics data from the Wordpress Blog, but Skywalker fails to produce the

18 data.  Skywalker cannot rely on testimony about this data without violating the best

19 evidence rule or the hearsay rule.  Thus, the Court should exclude Paragraph 12 of the

20 Skywalker declaration.

21 **<u>ARGUMENT</u>**

22      The Ninth Circuit has recognized conflicting standards in deciding whether an

23 anonymous speaker's identity should be revealed.  *See In re Anonymous Online*

24 *Speakers*, -- F.3d –, No. 09-71265, 2011 WL 61635, *5-6 (9th Cir. Jan. 7, 2011).  Some

25 courts have declined to adopt a new standard to accommodate anonymous speech,

26 adhering to a conventional motion to dismiss standard.  *Id.* at *5.  Other courts have

27 required the plaintiff to make a prima facie showing of the claim for which the plaintiff

28 seeks the disclosure of the anonymous speaker's identity.  *Id.*  And other courts have

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    relied on a standard that falls between the motion to dismiss standard and the prima

2    facie evidence standard.  *Id.*

3         While the Ninth Circuit has recognized these conflicting standards, it has not yet

4    identified a general standard to use in deciding whether an anonymous speaker's identity

5    should be revealed.   However, the Ninth Circuit did "suggest that the nature of the

6    speech should be a driving force in choosing a standard by which to balance the rights of

7    anonymous speakers in discovery disputes."  *In re Anonymous Online Speakers*, 2011

8    WL 61635 at *6.  Also relevant is whether the anonymous speaker is a defendant or a

9    third party.  *Id.* at *5.

10         Regardless of what standard the Court applies, Defendants' motion to quash fails

11   where Plaintiff has established that this Court has personal jurisdiction over Defendants

12   and where Plaintiff has submitted prima facie evidence of its claims for defamation, trade

13   libel, copyright infringement, and misappropriation of trade secrets.   Thus, the Court

14   should deny Defendants' motion to quash.

15   **A.      This Court has personal jurisdiction over Defendants where they aimed their
             misconduct at California.**
16

17        Defendants first argue that the Subpoenas should be quashed because the Court

18   lacks personal jurisdiction over Defendants.   Defendants are wrong.   This Court has

19   personal jurisdiction over Defendants where they purposefully directed their misconduct

20   at California.

21        In assessing personal jurisdiction in defamation and tort cases like this case,

22   Courts typically apply an effects test, asking whether the defendant aimed his or her

23   misconduct at the forum state.   *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et

24   L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).  Thus, in *Calder v. Jones*, 465 U.S.

25   783, 789-791 (1984), the Supreme Court found that it was proper for a California court to

26   exercise jurisdiction over two Florida reporters who published an article impugning the

27   professionalism of an entertainer living in California.  The Court found that the exercise of

28   personal jurisdiction was reasonable where the defendants knew that the brunt of the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   harm from the article would be felt in California.  *Id.* at 789-790.  Calder's holding has

2   been incorporated in Ninth Circuit case law.  *See, e.g., Gordy v. Daily News, L.P.*, 95

3   F.3d 829, 832 (9th Cir. 1996) (finding personal jurisdiction in defamation action against

4   newspaper that only had 13-18 subscribers in California); *Brainerd v. Governors of the*

5   *Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989) (finding personal jurisdiction based

6   on alleged defamatory statements made during telephone call to Arizona where speaker

7   knew possible harm stemming from his statements made during call would be felt in

8   Arizona).

9        Here, the evidence of Defendants' purposeful direction is more significant than in

10   *Calder, Gordy, Brainerd,* and their progeny.  Plaintiff is based in California.  (Dhall Decl.

11   ¶11).  The purpose of the Blogs is to describe Defendants' experiences with Plaintiff.

12   (Rosenfeld Decl.  ¶¶3-5 7 Exs. A-C.)  The Blogs contain numerous references to Plaintiff,

13   Plaintiff's employees, Plaintiff's website, and California.  (Rosenfeld Decl. ¶¶9-13 & Exs.

14   G-K.)   Both Blogs are hosted in California using the services of California-based

15   companies (i.e. Google, Inc. and Automattic, Inc.).  (*Id.* at ¶¶24-25 & Exs. V-W.)   In

16   creating and using the Blogs, Defendants agreed to terms of service that state that any

17   dispute regarding the use of the Blogs will governed by California law and be resolved in

18   California courts.  (*Id.* ¶¶19-20 & Exs. Q-R.)   Skywalker himself uses a Google email

19   account to contribute to the Blogs—an account for which he submitted to jurisdiction in

20   California to use.  (*Id.* ¶¶21, 23 & Exs. S, U.)  Finally, Plaintiff—based in California—has

21   received multiple inquiries regarding the Statements on the Blogs.  (Dhall Decl. ¶¶49-53.)

22   In light of these facts, it is beyond dispute that Defendants purposefully directed their

23   misconduct toward California.

24        Moreover, the exercise of personal jurisdiction is reasonable where there is no

25   alternative forum that has more connections to Defendants' misconduct.  In assessing

26   reasonableness, the Court must remember that Defendants have operated the Blogs

27   anonymously, and that Plaintiff does not know the location of Defendants.   Plaintiff

28   selected this Court as having the greatest number of known contacts to Defendants'

1   misconduct.  If the Court finds that it does not have personal jurisdiction, Plaintiff will be

2   unable to bring this action in any court because Plaintiff cannot yet determine where

3   Defendants are located.   Based on the foregoing facts, the exercise of personal

4   jurisdiction is reasonable and comports with due process.  Thus, Defendants' motion to

5   quash fails to the extent it relies on the Court's lack of jurisdiction.

6   **B.     Plaintiff has submitted prima facie evidence of its defamation claim.**

7        In their motion to quash, Defendants also argue that Plaintiff cannot submit prima

8   facie evidence of its defamation claim.  To establish defamation, a plaintiff must submit

9   evidence of: a) a publication by the defendant, b) that is of and concerning the plaintiff,

10  and c) that is provably false, defamatory, and unprivileged.  *See Ferlauto v. Hamsher*, 74

11  Cal. App. 4th 1394, 1401, 1404 (1999).  As explained in more detail in Plaintiff's other

12  briefing, Plaintiff has submitted prima facie evidence for all of these elements.  Moreover,

13  Plaintiff has submitted evidence of Defendants' malice and Plaintiff's special damages,

14  even though Plaintiff is not required to do so here.

15       Publication by Each Defendant.  Plaintiff has submitted evidence that each Doe

16  Defendant is one of the anonymous authors associated with at least one of the 18

17  defamatory statements identified in the complaint.  (Rosenfeld Decl. ¶¶6-8 & Exs. D-F.)

18  In his motion, Skywalker argues that the defamatory statements identified in the

19  complaint—even those associated with his name—were not authored by him.  Even if

20  Skywalker's argument is accepted as true—and his assertion has not been credibly

21  established—Skywalker admits that he authored other false and defamatory statements

22  published on the Blogs.  (Skywalker Decl. ¶3; Rosenfeld Decl. ¶¶7-8 & Exs. E-F.)  Thus,

23  Plaintiff has attributed defamatory statements to each Defendant, including Skywalker

24       "Of and Concerning" Plaintiff.  Defendants argue that the Statements are not "of

25  and concerning" Plaintiff.  However, the "of and concerning" requirement does not require

26  that a statement refer to the plaintiff by name, so long as the plaintiff could be identified

27  by clear implication.  *Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1184 (E.D. Cal.

28  2008).  Here, a reasonable viewer of the Blogs—and the defamatory Statements—would

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    understand them as referring to Plaintiff.  The Blogs refer to Plaintiff by name—*i.e.* the Art

2    of Living Foundation.  (Rosenfeld Decl. ¶9 & Ex. G.)  The Blogs refer to Plaintiff's

3    website, located at <www.artofliving.org>.  (*Id.* ¶10 & Ex. H; Dhall Decl. ¶54.)  The Blogs

4    refer to Plaintiff's U.S. and California presence.  (*Id.* ¶¶11-12 & Exs. I-J.)  The Blogs refer

5    to specific officers and directors of Plaintiff.  (*Id.* ¶13 & Ex. K; Dhall Decl. ¶55.)  Moreover,

6    the vast majority of the Blogs' readers are in the United States, where Plaintiff is

7    headquartered.  (Cohen Decl. ¶¶2-7 & Exs. A-B.)  Viewers of the Blogs understand them

8    as referring to Plaintiff, either directly or by implication.  (Declarations of Shalin Desai,

9    Shravan Bharathulwar, Nandan Udiavar, Narendar Shankar ¶¶2-4.)  Finally, Plaintiff has

10   received multiple inquiries regarding the Statements on the Blogs.  (Dhall Decl. ¶¶49-53.)

11   Based on these facts, readers of the Blogs would—and do—understand the Blogs as

12   referring to Plaintiff.

13        Provably False Assertions of Fact.  Defendants argue that the Statements are not

14   provably false assertions of fact.  The dispositive question in deciding whether a

15   defamatory statement is non-actionable opinion is whether a reasonable juror could

16   conclude that the statement implies a provably false factual assertion.  *Rodriguez v.*

17   *Panayiotou*, 314 F.3d 979, 985 (9th Cir. 2002).  Here there is nothing about the Blogs

18   suggesting the Statements would be understood as purely opinion.  The Blogs do not fall

19   into a traditional opinionated format, such as a parody, a letter to the editor, or radio talk

20   show.  (Rosenfeld Decl. ¶¶14-15 & Exs. L-M.)  Nor do the Blogs offer a two-way debate

21   between Plaintiff and Plaintiff's critics.  (*Id.*; Dhall Decl. ¶45.)  Nor does the fact that the

22   Blogs are online fora—as opposed to traditional news media—suggest that they are

23   purely opinion.  *See Cohen v. Google, Inc.*, 887 N.Y.S.2d 424, 428 (N.Y. Sup. Ct. 2009).

24   Moreover, none of the Statements is couched as an opinion or contains conditional or

25   hyperbolic language.  (Rosenfeld Decl. ¶¶6-8 & Exs. D-F.)  A straightforward reading of

26   the Statements demonstrates that each is susceptible of being proved true or false.  (*Id.*)

27   And in fact, each of the Statements is false.[2]  Perhaps most significantly, Plaintiff has

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

---

[2] Dhall Decl. ¶¶2-10, 46; Declarations of Kalpana Singh, John Osborne, Rajshree Patel,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   received numerous inquiries about the truthfulness of the Statements, demonstrating that

2   people understand the Statements as assertions of fact.  (Dhall Decl. ¶¶49-53.)

3        Defendants' Malice.  Fourth, while Plaintiff is a private figure that need not prove

4   actual malice, it has done so here.  Unless a corporation enjoys pervasive fame or has

5   purposefully interjected itself into a public controversy, it should be treated as a private-

6   figure.  *Vegod Corp. v. American Broadcasting Companies, Inc.*, 25 Cal. 3d 763, 769-71

7   (1975).  Plaintiff enjoys limited media access and has not responded in any way to the

8   Blogs' Statements.  (Dhall Decl. ¶¶56-60.)  Based on these facts, Plaintiff cannot be

9   considered a public-figure and need not prove Defendants' malice.

10       Even if Plaintiff were treated as a public figure, circumstantial evidence shows that

11  Defendants acted with malice in publishing the Statements.  *Overstock.com, Inc. v.*

12  *Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 709 (2007).  The overt purpose of the

13  Blogs is to publish statements criticizing Plaintiff.  (Rosenfeld Decl. ¶¶3-5 & Exs. A-C.)

14  The Statements at issue are of the most serious nature, accusing Plaintiff of criminal

15  activity and financial fraud.  (*Id.* ¶¶6-8 & Exs. D-F.)  The defamatory statements are not

16  limited to a single occurrence, but appear in numerous Statements throughout both

17  Blogs.  (*Id.* ¶¶14-15 & Exs. L-M.)  None of the Statements contains any reference to

18  external sources supporting the defamatory accusations.  (*Id.* ¶¶6-8 & Exs. D-F.)  Finally,

19  Defendants  published  the  Statements  anonymously  in  an  effort  to  disassociate

20  themselves  from  the  defamatory  Statements.    In  fact,  Defendant  Skywalker

21  misappropriated the image of senior teacher of Art of Living in India to use in connection

22  with his postings on the Blogs.  (*Id.* ¶23 & Ex. U.)  This circumstantial evidence is

23  sufficient prima facie evidence to establish Defendants' malice.  However, if there is any

24  question about whether Defendants acted with malice, Plaintiff is entitled to conduct

25  discovery as direct evidence of malice (namely Defendants' intent in publishing the

26  Statements) is in Defendants' exclusive control.  *See Paterno v. Superior Court*, 163 Cal.

27  ─────────────────────────────────────────────

28  Michael Fischman, Patricia A. Montella, Vijay Srinivasan, Jasbir Singh, Jeffrey Houk,
    David McColgin, and Marc Inzelstein (collectively, "Art of Living Decls.") at *passim*.

1   App. 4th 1342, 1349 (2008) (addressing discovery regarding malice after filing of anti-

2   SLAPP motion).

3       Plaintiff's Special Damages.  While Plaintiff need not submit evidence of its special

4   damages, it has done so here.  A claim for defamation per se is actionable without proof

5   of special damages.  *See Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1183 (E.D.

6   Cal. 2008).  Here, the Statements are defamatory per se in that they accuse Plaintiff of

7   committing crimes and of financial misconduct.  *See id.*; *Kelly v. Gen. Tel. Co.*, 136 Cal.

8   App. 3d 278, 186 Cal. Rptr. 184 (Cal. Ct. App. 1982).  Thus, Plaintiff is presumed to have

9   been harmed by the Statements, is entitled to general damages, and need not prove

10  special damages.  *See O'Hara v. Storer Communications, Inc.*, 231 Cal. App. 3d 1101,

11  1113 (1991).

12      Notwithstanding the foregoing, Plaintiff has submitted evidence of the special

13  damages it suffered as a result of Defendants' defamation.  (Dhall Decl. ¶¶49-53, 64-69

14  & Ex. F.)  Evidence of damages resulting from defamation may include the plaintiff's

15  reputation prior to the defamation, the importance of reputation in the relevant industry,

16  inquiries that the plaintiff received after the defamation, and the loss of customers and

17  decrease in revenue following the defamation.  *See Weller v. Am. Broad. Companies,*

18  *Inc.*, 232 Cal. App. 3d 991, 1012 (1991); *see also O'Hara v. Storer Communications, Inc.*,

19  231 Cal. App. 3d 1101, 1112 (1991) (loss of clients after defamation evidence of special

20  damages).  Since the publication of the Statements, Plaintiff's course enrollment and

21  revenues have decreased.  (Dhall Decl. ¶¶64-69 & Ex. F.)  Moreover, Plaintiff has

22  received numerous inquiries about the Statements, and specifically whether they are

23  true.  (*Id.* ¶¶49-53.)  The people making these inquiries have expressed concern to

24  Plaintiff about registering for Plaintiff's courses because of the Statements.  (*Id.*)  Plaintiff

25  will be able to quantify the amount of damages once it receives discovery regarding the

26  Blogs, particularly analytics about the viewers of the Statements.  Thus, even though

27  Plaintiff need not submit evidence of its special damages, it has done so here.

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

In summary, Plaintiff has submitted prima facie evidence of its defamation claim, including evidence that the Statements were "of and concerning" Plaintiff, that the Statements were false and defamatory assertions of fact, that the Statements were made with malice, and that the Statements caused Plaintiff special damages.   Thus, Defendants' motion to quash must be denied.

**C.     Plaintiff has submitted prima facie evidence of its trade libel claim.**

Defendants also argue that Plaintiff is unable to submit prima facie evidence of its trade libel claim.  Again, Defendants are wrong.  To succeed on a claim for trade libel, a plaintiff must plead and prove: 1) an intentional disparagement of the quality of the plaintiff's services, 2) which induces others not to deal with the plaintiff, and 3) which causes the plaintiff special damages.  *See Aetna Cas. & Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010 (2001).  Plaintiff has submitted evidence of each of these elements

First, it is self-evident that the Statements disparage Plaintiff's services—namely Plaintiff's classes and teachers—as the Statements accuse Plaintiff of physical and sexual abuse and financial misconduct.  (Rosenfeld. ¶¶6-8 & Exs. D-F.)  Moreover, the Statements are false.   (Art of Living Decls. *passim*.)   Second, the Statements have induced others not to deal with Plaintiff.  (Dhall Decl. ¶¶49-53.)  To wit, Plaintiff has received multiple inquiries from existing and prospective students expressing concern that the Statements are true, and that Plaintiff is a corrupt organization that puts its students at risk.  (*Id.*)  Finally, Plaintiff has suffered special damages as a result of the Statements in the form of decreased student enrollment and revenue.  (*Id.* ¶68-69 & Ex. F.)  Specifically, since the Statements were published, Plaintiff's enrollment and revenue have dropped, at least partly as a result of the Statements, and some people have told Plaintiff that they would not continue to take Plaintiff's courses as a result of reading the Statements.  (Dhall Decl. ¶¶49-53, 64-69 & Ex. F.)  Because Plaintiff has submitted prima facie evidence of its trade libel claim, Defendants' motion to quash must be denied for this reason as well.

**D.     Plaintiff has submitted prima facie evidence of its misappropriation of trade secrets claim.**

Defendants also argue that Plaintiff is unable to submit prima facie evidence supporting its claim for misappropriation of trade secrets.   To prove a claim for misappropriation of trade secrets, a plaintiff must submit evidence that a) Plaintiff possesses trade secrets, b) Defendants disclosed Plaintiff's trade secrets through improper means, and c) Defendants' actions harmed Plaintiff or unjustly enriched Defendants.  *Cytodyn, Inc. v. Amerimmune Pharmaceuticals, Inc.*, 160 Cal. App. 4th 288, 297 (2008).   Contrary to Defendants' argument, Plaintiff has submitted sufficient prima facie evidence of these elements.

The Manuals and Principles Can Be Trade Secrets.  A trade secret is information that is kept secret by reasonable means and that derives economic value from its secrecy.  *See Alderson v. United States*, 718 F. Supp. 2d 1186, 1199 (C.D. Cal. 2010). Defendants argue that religious or spiritual texts cannot be trade secrets.  Defendants are wrong.  Even if Plaintiff's Manuals and Principles contain religious beliefs—and they do not—they can still be protected as trade secrets.  *See Religious Tech. Ctr. V. Netcom On-Line Commc'n Services, Inc.*, 923 F. Supp. 1231, 1253 (N.D. Cal. 1995) (finding that church's religious documents were entitled to trade secret protection); *Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629, 635 (S.D. Cal. 1993) (same).  Thus, the Manuals and Principles are capable of being protected as trade secrets regardless of whether they consist of religious or spiritual information.

Plaintiff Keeps Its Trade Secrets Confidential.  To enjoy trade secret protection, a plaintiff must use reasonable means to preserve the information's confidentiality.   *See Religious Tech. Ctr.*, 923 F. Supp. at 1253.  Here, Plaintiff has used reasonable means to keep the Manuals and Principles confidential.  (Dhall Decl. ¶¶33-36.)  Plaintiff keeps the Manuals and Principles on password protected computers, using password protected files.  (*Id.*)  Plaintiff only allows access to these electronic files to those people for whom access is necessary.  (*Id.*)  While Plaintiff provides the Manuals and Principles to its student-teachers, Plaintiff requires all student-teachers to acknowledge that the Manuals

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   and Principles constitute confidential information and agree not to disclose the Manuals

2   or Principles or use the Manuals or Principles for any purpose except to teach Plaintiff's

3   courses.  (*Id.*)  Out of abundance of concern, Plaintiff does not provide student-teachers

4   with written manuals containing Plaintiff's confidential information on Sudarshan Kriya.

5   (*Id.*  ¶¶29-30.)    Rather,  Plaintiff  provides  the  confidential  information  through  oral

6   presentations, and again, requires student-teachers to agree not to disclose or misuse

7   any notes they take regarding the Principles.  (*Id.*)  Taken together, there is no question

8   that Plaintiff uses diligent efforts to keep its trade secrets confidential.

9        <u>Defendants Disclosed Plaintiff's Trade Secrets</u>.  In order to establish trade secret

10  misappropriation, a plaintiff must submit evidence that the defendant disclosed the

11  plaintiff's trade secrets through improper means.   Here, Skywalker has admitted to

12  disclosing Plaintiff's trade secrets. (Skywalker Decl. ¶9.)  Skywalker published the text of

13  the Manuals and a link to a description of the Principles on the Blogs.  (*Id.*)  Moreover,

14  Defendants' disclosure of Plaintiff's trade secrets was unlawful.   Plaintiff requires all

15  persons accessing the Manuals and Principles to sign a confidentiality agreement

16  restricting their use of this information.  (Dhall Decl. ¶¶33-36.)  Plaintiff never authorized

17  any person to disclose the Manuals or Principles on the Blogs.  (*Id.* ¶47.)  Moreover,

18  Defendants knew that their disclosure of the Manuals and Principles was unlawful as the

19  Blogs contain numerous references to Plaintiff's efforts to safeguard the confidentiality of

20  this information.  (Rosenfeld Decl. ¶18 & Ex. P.)  Thus, Defendants unlawfully disclosed

21  Plaintiff's trade secrets.

22       <u>The  Trade  Secret's  Independent  Economic  Value  and  Plaintiff's  Damages</u>.    In

23  order to establish a trade secret, a plaintiff must submit evidence that the information

24  derives independent economic value, actual or potential, from its secrecy.  *Religious*

25  *Tech Ctr.*, 923 F. Supp. at 1252.  California courts have found that where a non-profit

26  organization uses its trade secrets to generate revenue—whether through donations or

27  course fees—such revenue generation constitutes independent economic value.  *See*

28  *Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629, 633 (S.D. Cal. 1993).  Moreover, the

existence of other organizations offering similar services is also direct evidence that an organization's trade secrets have a significant impact on revenue.  *Religious Tech Ctr.*, 923 F. Supp. at 1252.

Plaintiff's courses generate revenue for Plaintiff.  (Dhall Decl. ¶64.)  Much of the success of Plaintiff's courses derives from Plaintiff's teaching methods.  (*Id.* ¶65.)  Plaintiff instructs the teachers of these courses using Plaintiff's confidential Manuals and Principles.  (*Id.* ¶¶21-32.)  Plaintiff's confidential teaching methods enable Plaintiff to distinguish its courses from those offered by other organizations.  (*Id.* ¶21.)  Defendants' disclosure of Plaintiff's trade secrets harmed Plaintiff by diverting course revenue.  (*Id.* ¶¶64-69 & Ex. F.)  Since Defendants' disclosure of Plaintiff's trade secrets, Plaintiff's enrollment and course revenue have fallen; at the same time, Plaintiff has received inquiries by current and prospective students stating that they would not register for Plaintiff's courses as a result of the Blogs.  (*Id.* ¶¶49-53.)  Moreover, there are several postings on the Blogs about using Plaintiff's proprietary teaching techniques outside of Plaintiff's classes.  (*Id.* ¶18 & Ex. P.)  Thus, there is a direct correlation between Defendants' unlawful disclosures of Plaintiff's trade secrets and Plaintiff's decrease in enrollment and revenue.  Finally, Defendants' disclosure of Plaintiff's trade secrets has weakened Plaintiff's confidentiality measures, and required Plaintiff to spend resources enhancing these measures.  For all of these reasons, Plaintiff's trade secrets have independent economic value, and Defendants harmed Plaintiff by disclosing Plaintiff's trade secrets.

In summary, because Plaintiff's Manuals and Principles constitute trade secrets deriving economic value, and because the disclosure the Manuals and Principles harmed Plaintiff, Plaintiff has established a claim for misappropriation of trade secrets.  Thus, Defendants' motion to quash must be denied on this basis as well.

**E.     Plaintiff has disclosed its trade secrets to Defendants' counsel.**

Defendants argue that the Subpoenas should be quashed because Plaintiff has not identified its trade secrets as required by California Code of Civil Procedure section

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

2019.210.   However, on March 17, 2011 Plaintiff served a formal section 2019.210 disclosure on Defendants, attaching the Manuals and a written summary of the Principles.   (Rosenfeld Decl. ¶26.)   Plaintiff had been unable to make this disclosure earlier, as the disclosure contains confidential information, and the parties only recently finished negotiating a stipulated protective order.   (*Id.*)   Because Plaintiff has identified its trade secrets, Defendants' argument regarding section 2019.210 is moot, and Defendants' motion to quash must be denied to the extent it relies on section 2019.210.

## F.   Plaintiff has submitted prima facie evidence of its copyright infringement claim.

To establish a prima facie claim of copyright infringement, a plaintiff must show: 1) ownership of a valid copyright, and 2) a violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act.   *See UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011).   Plaintiff has submitted prima facie evidence of both of these elements.   First, Plaintiff owns a copyright registration for the Breath Water Sound Manual, which is an original text.   (Dhall Decl. ¶¶37-38; Rosenfeld Decl. ¶27 & Ex. X.)   Second, Defendant Skywalker—in coordination with the other Defendants—reproduced and displayed to the public copies of the Breath Water Sound Manual without Plaintiff's permission.   (Skywalker Decl. ¶9.)   Upon stating a prima facie claim for copyright infringement, courts routinely allow discovery about anonymous infringers.   *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, *passim* (2d Cir. 2010); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

Despite the foregoing evidence and authority, Defendants argue that the copyright claim is manufactured for the purpose of identifying Defendants in violation of their First Amendment rights.   However, the First Amendment does not provide a license for copyright infringement, and the use of anonymity to mask copyright infringement is not protected by the First Amendment.   *See Arista Records, LLC*, 604 F.3d at 118. Moreover, to the extent First Amendment concerns exist in a copyright infringement action, those concerns are allayed by the presence of the fair use doctrine.   *A&M*

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   *Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); *Religious Tech. Ctr.*,

2   907 F. Supp. at 1378.   Thus, Defendants incorrectly try to hide their copyright

3   infringement behind the First Amendment.

4       Defendants rely on *Rosemont Enter., Inc. v. Random House, Inc.*, 366 F.2d 303

5   (2d Cir. 1966) to argue that the copyright laws cannot limit the public's access to

6   information.  However, the concurring opinion from *Rosemont*, which Defendants rely on,

7   dealt with a fundamentally different situation.   In *Rosemont*, the plaintiff was not the

8   author of the copyrighted works; rather, the plaintiff purchased copyrights to works to

9   prevent their disclosure in a forthcoming biography.  By comparison, Plaintiff is the author

10  of the Breath Water Sound Manual and enjoys an economic benefit from its copyright.

11  (Dhall Decl. ¶¶37-42; Kaharick Decl. *passim*.)  Unlike *Rosemont*, Plaintiff does not seek

12  to limit the disclosure of the Breath Water Sound Manual, and in fact, routinely provides

13  the Manuals to its teachers of the Breath Water Sound course—a course that frequently

14  lead to enrollment in fee-based courses.   (*Id.*)   Thus, even if *Rosemont*'s concurring

15  opinion were controlling law—and it is not—Defendants' reliance on this concurrence is

16  misplaced where Plaintiff has not sought to prevent the disclosure of information in the

17  Breath Water Sound Manual.

18      Defendants also argue that because Plaintiff did not identify the Breath Water

19  Sound Manual in a takedown notice, and because Plaintiff filed for its copyright

20  registration after the Manual was removed from the Blogs, Plaintiff does not have bona

21  fide copyright interests in the Breath Water Sound Manual.  This argument fails.  Even if

22  Defendants' timeline were persuasive, it omits critical details:  Plaintiff did not discover

23  Defendants' infringement of the Breath Water Sound Manual until late August 2010 and

24  was preparing to serve a takedown notice when the Manual was removed from the

25  Blogs. (Dhall Decl. ¶62.)   Moreover, Plaintiff did not know about the benefits of

26  registering its copyright in the Breath Water Sound Manual until it spoke with intellectual

27  property counsel, and only then determined that registration was in Plaintiff's best

28

PLAINTIFF'S OPP. TO DEFENDANTS' MOT.
TO QUASH OR MODIFY SUBPOENAS

interest.  (*Id.* ¶63.)  This set of facts is no way suggests that Plaintiff's copyright claim is pretextual.

In summary, because Plaintiff has submitted prima facie evidence of its copyright claim, and because courts routinely allow the discovery of anonymous infringers' identities in copyright claims, the Court should deny Defendants' motion to quash.

**G.    Plaintiff suffered a cognizable injury from Defendants' copyright infringement.**

Defendants argue that even though Plaintiff has submitted prima facie evidence of its copyright infringement claim, Plaintiff cannot show that Defendants' copyright infringement harmed Plaintiff.  In turn, Defendants argue that Plaintiff is not entitled to reveal Defendants' identities because a showing of "real harm" is required before such a disclosure.  Even assuming a showing of "real harm" is required before lifting an anonymous infringer's identity—and that is far from clear—Plaintiff has been harmed by Defendants' infringement.

The Copyright Act recognizes that copyright infringement harms copyright owners in various ways, and thus provides copyright owners with multiple remedies against an infringer, including: a) an injunction to restrain the infringer from violating the owner's rights, b) a recovery of the owner's actual damages, and c) the recovery of any additional profits realized by the infringer.  *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433-434 (1984).  Plaintiff seeks recovery under all three of these prongs.

First, Plaintiff seeks to enjoin Defendants from future infringement of Plaintiff's copyright under 17 U.S.C. §502.  Even where a defendant has voluntarily ceased his or her infringing activity, a court is justified in issuing a permanent injunction to prevent future infringement by the defendant based on the risk of future harm to the plaintiff.  *See Walt Disney Co. v. Powell*, 897 F.2d 565, 567-568 (D.C. Cir. 1990).

Second, Plaintiff seeks its actual damages resulting from the infringement of the Breath Water Sound Manual.  A copyright owner can establish lost profits by

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   demonstrating that its revenue fell after the infringement, that the copyright owner

2   received complaints and inquiries from viewers of the infringing materials, and that the

3   copyright owner lost customers following the infringement.  *See Global Videos, Inc. v.*

4   *Niekerk*, 04-56690, 2006 WL 1737413, *690 (9th Cir. June 22, 2006).  Actual damages

5   caused by the infringement may also be assessed using a reasonable value for the use

6   of the copyrighted work, and a jury may consider a hypothetical license fee in calculating

7   damages.  *See Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 786

8   (9th Cir. 2006).

9        Here, Plaintiff uses copies of the Breath Water Sound Manual to teach free

10  classes it offers throughout the country.  (Dhall Decl. ¶¶39-41.)  While the Breath Water

11  Sound class is typically free, many students who attend this class subsequently register

12  for Plaintiff's fee-based courses, which results in revenue for Plaintiff.  (*Id.* ¶41; Kaharick

13  Decl. *passim*)   Since Defendants' infringement of the Breath Water Sound Manual,

14  Plaintiff's enrollment and revenue have decreased. (Dhall Decl. ¶¶68-69 & Ex. F.)   At the

15  same time, Plaintiff has received numerous inquiries about the Blogs, including inquiries

16  about the presence of Plaintiff's publications on the Blogs. (*Id.* ¶49-53.)    Under the

17  analysis of *Global Videos*, this evidence demonstrates a sufficient causal connection

18  between the infringement and Plaintiff's harm to establish Plaintiff's damages.  Moreover,

19  the fact that only a handful of people supposedly viewed the infringing material does not

20  mean that Plaintiff did not suffer damages—though Plaintiff cannot quantify its damages

21  until it receives analytics data for the Blogs and can verify Defendants' unsupported

22  numbers.

23       Finally, Plaintiff seeks to recover Defendants' wrongful profits—in particular those

24  of Klim.  In the context of copyright infringement, indirect profits arise even when the

25  infringer does not sell the copyrighted work, but rather uses the copyrighted work to sell

26  another product.  *See Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796-797 (8th

27  Cir. 2003).  So long as the defendant benefitted from the infringement or realized some

28  gain beyond expenses, a plaintiff is entitled to recover those profits from the defendant.

1   *See Associated Residential Design, LLC v. Molotky*, 226 F. Supp. 2d 1251, 1253 (D.

2   Nev. 2002).  Defendant Klim has admitted that he or she is writing a book about his or

3   her experiences with Plaintiff.  (Rosenfeld Decl. ¶22 & Ex. T.)  Plaintiff is informed and

4   believes that Klim's book is derived in part from Plaintiff's copyrighted materials—though

5   this evidence is in Klim's exclusive control.  (*Id.*)  Plaintiff is entitled to wrongful profit

6   damages regarding Klim's use of Plaintiff's copyrighted materials in his or her book, and

7   it is Klim's burden to show the elements of profits attributable to factors other than

8   Plaintiff's copyrighted work.  *See* 17 U.S.C. §504(b).

9       Based on the foregoing, Defendants' argument that Plaintiff cannot show that it

10   has suffered a cognizable harm from Defendants' copyright infringement fails.  Thus, the

11   Court should deny Defendants' motion to quash on this basis as well.

12                            **<u>CONCLUSION</u>**

13       Because Plaintiff has established that the Court has personal jurisdiction and

14   because Plaintiff has submitted prima facie evidence for all of its claims, the Court should

15   deny Defendants' motion to quash.

16

17   DATED:  March 22, 2011                **KRONENBERGER BURGOYNE, LLP**

18

19                                          By:   s/ Karl S. Kronenberger
                                                 Karl S. Kronenberger
20

21                                          Attorneys for Plaintiff
                                            Art of Living Foundation
22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com