**United States District Court**
For the Northern District of California

1

** E-filed August 10, 2011 **

2

3

4

5

6

7                                    NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   ART OF LIVING FOUNDATION,                    No. C10-05022 LHK (HRL)

12              Plaintiff,                        **ORDER GRANTING IN PART AND
                                                  DENYING IN PART DEFENDANTS
13        v.                                      KLIM AND SKYWALKER'S MOTION
     DOES 1-10,                                   TO QUASH**
14
                Defendants.                       **[Re: Docket No. 62]**
15   _____/

16                              **BACKGROUND**

17   **A.  The Parties**

18        The Art of Living Foundation ("AoL") is an international educational and humanitarian

19   organization based in Bangalore, India, with chapters in more than 140 countries. Docket No. 85

20   ("First Amended Complaint" or "FAC") ¶¶ 1, 22. It was founded by "His Holiness Sri Sri Ravi

21   Shankar" in 1981. Id. at ¶ 17. Plaintiff, also called the Art of Living Foundation ("Plaintiff" or

22   "AoLF-US"), is a California nonprofit corporation based in Goleta, California and is the United

23   States chapter of AoL. Id. at ¶¶ 2, 12. Plaintiff offers courses that employ breathing techniques,

24   meditation, and yoga as forms of stress and health management. Id. at ¶ 3.

25        Defendants are Does who have appeared through counsel under their blogger names of

26   "Skywalker" and "Klim" (collectively, "Defendants"). Id. at ¶ 13; see also Docket No. 87

27   ("Defendants' Answer to First Amended Complaint"). Plaintiff alleges that Defendants are

28   "disgruntled student-teacher[s] and/or students of Plaintiff, AoL, and/or Ravi Shankar." Id. at ¶ 53.

According to Plaintiff, Defendants started two blogs about AoL, one called "Leaving the Art of Living," located at artoflivingfree.blogspot.com (the "Blogspot Blog"), and one called "Beyond the Art of Living," located at aolfree.wordpress.com (the "WordPress Blog") (collectively, the "Blogs"). Id. at ¶¶ 54-55.

## B. AoLF-US's Allegations and Claims

Plaintiff alleges that an essential component of its practice is the training of teachers. Id. at ¶¶ 35-37. Its teaching methods are found within several sources. First, there are certain written manuals, such as the Training Guide Phase One; the Continuation Manual; and the Yes! Teacher Notes (collectively, the "Written Manuals"). Id. at ¶ 40. Second, there is the Breath Water Sound Manual (the "BWSM"), which provides basic "breath exercises, sound relaxation methods, mediation techniques, tools for healthy living, and effective processes to work together as a community." Id. at ¶ 49. Third, there is there "Sudarshan Kriya" – a rhythmic breathing exercise that is at the core of Plaintiff's teachings. Id. at ¶ 26. The methods for Sudarshan Kriya have intentionally not been memorialized in writing and are kept "strictly confidential." Id. at ¶¶ 41-42. Plaintiff alleges that although the "ostensible purpose[]" of Defendants' Blogs is to provide a forum for former students/adherents of AoL, Defendants actually use them "to publish falsehoods about Plaintiff, to misappropriate Plaintiff's trade secrets, and to infringe on Plaintiff's copyrighted materials." Id. at ¶¶ 57-58.

Plaintiff alleges two causes of action. Its first claim is that Defendants committed copyright infringement by publishing the BWSM on the Blogs. Id. at ¶¶ 74-75. Plaintiff alleges that it first published the BWSM on June 1, 2003, and that it has applied to register it with the Copyright Office. Id. at ¶¶ 77, 79. Plaintiff also alleges that it has not licensed the use of the BWSM to Defendants. Id. at ¶ 81.

Plaintiff's second claim is that the Written Manuals (but not the BWSM) and unwritten teaching processes for Sudarshan Kriya contain trade secrets. Id. at ¶¶ 87-105. It alleges that the Written Manuals and teaching processes have independent economic value and that it engages in diligent efforts to keep the information confidential. Id. at ¶¶ 92-94. It further alleges that Defendants agreed to keep the trade secrets confidential, but later used the information without

authorization. Id. at ¶ 96. Lastly, it alleges that Defendants[1] published the confidential Written Manuals on the Blogs, and hyperlinked to a third party website that had a written summary of Plaintiff's unwritten teaching processes for Sudarshan Kriya. Id. at ¶¶ 97-98.

**C. Defendants' Motion to Quash**

After filing its original complaint, Plaintiff moved for an order allowing it to serve subpoenas on Google, Inc. ("Google") and Automattic, Inc. ("Automattic") – the owners of the companies that host the Blogs – to get certain information to identify Defendants, ostensibly to serve the complaint and summons on them. Docket No. 5; see Docket No. 6, Ex. A ("Google Subpoena"), B ("Automattic Subpoena"). Magistrate Judge Beeler granted the motion (Docket No. 10), and Plaintiff served the two subpoenas in December 2010. Docket No. 64 ("Opp'n") at 6.

Defendants Klim and Skywalker, specially-appearing through counsel, moved to quash the subpoenas.[2] Docket No. 62 ("Motion"). Plaintiff opposed the motion, and oral argument was heard on June 28, 2011.

**DISCUSSION**

I. <u>Copyright Infringement</u>

A. <u>Legal Standard</u>

This motion requires the court, in the context of a copyright infringement claim, to balance competing principles.

---

[1] Defendant Skywalker – but not defendant Klim – admits to publishing certain of the Written Manuals and the BWSM on the Wordpress Blog in June and July, 2010. Docket No. 15 ("Skywalker Decl.") ¶ 9.

[2] Defendants also moved to dismiss Plaintiff's original complaint for lack of personal jurisdiction and for failure to state defamation and trade libel claims. Docket No. 26. (They did not move to dismiss Plaintiff's copyright infringement or trade secret claims.) They also filed a motion to strike the defamation, trade libel, and trade secrets claims (but not the copyright infringement claim) under California Code of Civil Procedure § 425.16 (the "California Anti-SLAPP Statute"). Docket No. 27.

Judge Koh heard oral argument on Klim and Skywalker's motions to dismiss and to strike on May 26, 2011. Docket No. 79. Thereafter, she denied their motion to dismiss for lack of personal jurisdiction; granted (with leave to amend) their motion to dismiss the defamation and trade libel claims for failure to state a claim; and denied without prejudice their motion to strike the defamation, trade libel, and trade secrets claim (but she instructed that discovery on the trade secrets claim – aside from the discovery at issue here – may not proceed until Plaintiff identifies the trade secrets with reasonable particularity). Docket Nos. 79, 83. On July 14, 2011, Plaintiff filed its First Amended Complaint which includes only the copyright infringement and trade secrets claims. See generally, FAC.

The fundamental copyright principles are clear. The owner of a copyright has the exclusive right to (or to license others to) reproduce, perform publicly, display publicly, prepare derivative works of, and distribute copies of, its copyrighted work. See 17 U.S.C. § 106. "To establish a prima facie case of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act . . . ." UMG Recordings, Inc. v. Augusto, 628 F.3d 1175, 1178 (9th Cir. 2011).

The relevant First Amendment principles are also clear. The Supreme Court has recognized that the First Amendment protects anonymous speech. Buckley v. American Constitutional Law Found., 525 U.S. 182, 200 (1999); see also McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 357 (1995) (noting, in the context of political speech, that "[a]nonymity is a shield from the tyranny of the majority"). This protection extends to the Internet. Reno v. ACLU, 521 U.S. 844, 870 (1997); see also Columbia Ins. Co. v. Seescandy.Com, 185 F.R.D. 573, 578 (N.D. Cal. 1999). Indeed, courts have recognized that the Internet, which is a particularly effective forum for the dissemination of anonymous speech, is a valuable forum for robust exchange and debate. See Reno, 521 U.S. at 870 ("Through the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox."); Doe v. 22TheMart.Com, 140 F.Supp.2d 1088, 1092, 1097 ("Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas . . . [;] the constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded."); Seescandy.Com, 185 F.R.D. at 578.

However, anonymous speech does not have absolute protection. The Supreme Court, for instance, has rejected First Amendment defenses to copyright infringement actions. See, e.g., Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-56, 569 (1985); Universal City Studios, Inc. v. Reimerdes, 82 F.Supp.2d 211, 220 (S.D.N.Y. 2000) (the "Supreme Court . . . has made it unmistakably clear that the First Amendment does not shield copyright infringement"). In other words, "[p]arties may not use the First Amendment to infringe the intellectual property rights of others." Sony Music Entm't Inc. v. Does 1-40, 326 F.Supp.2d 556, 563 (S.D.N.Y. 2004) (citing In re Capital Cities/ABC, Inc., 918 F.2d 140, 143 (11th Cir. 1990)).

United States District Court
For the Northern District of California

When balancing these principles in the context of a copyright infringement claim, many courts use the standard adopted by the district court in <u>Sony Music</u>. <u>See id</u>. at 564-65. In <u>Sony Music,</u> after discussing the above principles, as well as several cases that dealt with the tension between First Amendment rights and copyright rights, the court concluded that in the analysis of whether the subpoena should be quashed, the principal factors include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

<u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119 (2d Cir. 2010) (quoting <u>Sony Music</u>, 326 F.Supp.2d at 564-65). This Court finds <u>Sony Music</u> well reasoned and shall apply its factors here.[3]

   B.  <u>Application</u>

      1.  <u>A Concrete Showing of a Prima Facie Claim of Actionable Harm</u>

Plaintiff has made a sufficient showing of a prima facie claim of copyright infringement. It has shown that it is the author of the BWSM and owns the copyright for it. It has also shown that at

---

[3] Defendants contend that a slightly different standard applies. They argue that the following test used by Magistrate Judge Brazil, and adopted by District Judge Chesney, in <u>Highfields Capital</u> applies:

> [First,] the plaintiff must adduce *competent evidence* – and the evidence plaintiff adduces must address *all* of the inferences of fact that plaintiff would need to prove in order to prevail under at least one of the causes of action plaintiff asserts. In other words, the evidence that plaintiff adduces must, if unrebutted, tend to support a finding of *each* fact that is essential to a given cause of action. The court may not enforce the subpoena if, under plaintiff's showing, any *essential* fact or finding lacks the requisite evidentiary support.
>
> The court proceeds to the second component of the test if, but only if, the plaintiff makes an evidentiary showing sufficient to satisfy the court in the first component of the test. If reached, the second component of the test requires the court to assess and compare the magnitude of the harms that would be caused to the competing interests by a ruling in favor of plaintiff and by a ruling in favor of defendant. If, after such an assessment, the court concludes that enforcing the subpoena would cause relatively little harm to the defendant's First Amendment and privacy rights and that its issuance is necessary to enable plaintiff to protect against or remedy serious wrongs, the court would deny the motion to quash.

<u>Highfields Capital Management LP v. Doe</u>, 385 F.Supp.2d 969, 975-76 (N.D. Cal. 2005) (emphasis in original). Defendants suggest that the <u>Highland Fields</u> test requires a stronger showing of actual harm, but this Court believes that this inquiry is more-or-less included in the <u>Sony Music</u> inquiry of whether the plaintiff has made a sufficient prima facie showing of a claim.

least one Defendant – Skywalker (who admitted it) – published the BWSM on the WordPress Blog without obtaining permission to do so.

Defendants contend that Plaintiff cannot show that it was harmed by the publishing of the BWSM. Their argument is this: Because the BWSM is a training manual for teaching the Breathe Water Sound course, and because the Breathe Water Sound course typically is given for free, Skywalker's publishing of the BWSM has not harmed Plaintiff. Plaintiff responds that individuals who take the free course often sign-up for pay courses, and that its revenues from pay courses have declined. While Plaintiff's purported loss of revenue may or may not have been caused by – or exacerbated by – Skywalker's posting of the BWSM, the Court believes that it has sufficiently alleged harm at this stage in the action. Defendants' argument, to the extent it has merit, is for another day.[4] This factor favors Plaintiff.

> ## 2.   The Specificity of the Discovery Request

The subpoenas are targeted to obtain information to identify Defendants. The Automattic Subpoena, for instance, requests:

> information sufficient to identify the user data and account holder for each of the following:
>
>> a. The individual(s) who established and maintain control of the blog located at <aolfree.wordpress.com> (the "Blog");
>>
>> b. WordPress username Skywalker associated with the Blog;
>>
>> c. WordPress username Peaceful Warrior associated with the Blog;
>>
>> d. WordPress username Prosecutor associated with the Blog;
>>
>> e. WordPress username Aolwhistleblower associated with the Blog;
>>
>> f. Gravatar profile for Aolwhistleblower associated with the Blog;
>>
>> g. Gravatar profile for Mcauthon associated with the Blog;
>>
>> h. Gravatar profile for Skyklim associated with the Blog;
>>
>> i. Gravatar profile for artoflivingfeedback associated with the Blog.

---

[4] Indeed, Defendants failed to move to dismiss Plaintiff's copyright claim for failure to sufficiently state all of the claim's elements. See Docket No. 26 ("Defendants' Motion to Dismiss Complaint"); Docket No. 87 ("Defendants' Answer to First Amended Complaint").

United States District Court
For the Northern District of California

1  See Docket No. 6-1, Ex. B. "Such identifying information shall include, if possessed by YOU, the

2  name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC)

3  addresses, and email addresses that are associated with each of the above." Id.

4      In its First Amended Complaint, Plaintiff alleges that "Defendants have reproduced and

5  displayed on the Blogs the [BWSM]." FAC ¶ 74 (emphasis added); see also id. at ¶¶ 75, 82-83, 85-

6  86. But Plaintiff's contention in its opposition brief is much narrower. It says that "Skywalker

7  (possibly in coordination with other anonymous Defendants) published the full text of the [BWSM]

8  on the Wordpress blog." Opp'n at 4-5; see also id. at 18. In so stating, Plaintiff relies on

9  Skywalker's admission that he published the BWSM. Skywalker, however, says nothing in his

10 declaration about others being involved. Indeed, Plaintiff's allegations about other defendants are

11 speculative and are belied by its opposition brief. This factor favors Plaintiff with respect to

12 Skywalker but disfavors it with respect to the other Doe Defendants (including Klim).

13          3.   Absence of Alternative Means to Obtain the Subpoenaed Information

14     Plaintiff has no other means to obtain any Defendants' identities. Defendants do not argue

15 otherwise. This factor favors Plaintiff.

16          4.   The Need for the Information

17     Plaintiff alleges that Doe Defendants infringed its copyright in the BWSM. Without having

18 the identities of the allegedly infringing party (or parties), it will be prohibitively difficult for

19 Plaintiff to conduct discovery. This factor favors Plaintiff.

20          5.   The Doe Defendants' Expectation of Privacy

21     Most of the cases that have applied the Sony Music factors involved defendants who merely

22 downloading illegally downloaded music, and so they had a relatively low expectation of privacy.

23 But here, Defendants say their expectations of privacy are high because they are engaged in political

24 speech (i.e., criticizing Plaintiff's organization). But even if this is true, as noted above, the First

25 Amendment does not shield copyright infringement. See, e.g., Harper & Row, 471 U.S. at 555-56,

26 569; Universal City Studios, 82 F.Supp.2d at 220. This factor favors Plaintiff.[5]

27 _____

28 [5] Defendants also submitted declarations stating that they fear retaliation from Plaintiff and/or AoL
   and its members. In them, they describe how members of Plaintiff's organization have "denounced
   dissidents" and published purported dissidents' contact information in the past. The Court does not

1        *     *     *

2        Based on the above analysis with respect to Plaintiff's copyright infringement claim, the

3  Court finds that the <u>Sony Music</u> factors all favor Plaintiff. However, based on the record before the

4  Court and the parties' briefs, the Court believes that at this time Plaintiff should be limited to

5  serving a subpoena on Automattic for only Skywalker's identifying information.

6  II.  <u>Trade Secrets</u>

7        In its First Amended Complaint, Plaintiff alleges that, "[o]n information and belief,

8  Defendants conspired with each other to publish Plaintiff's trade secret information on the Blogs . .

9  ." FAC ¶ 97; <u>see also id</u>. at ¶¶ 98-105. However, as Judge Koh previously noted, "on the record

10 before the Court, only Doe Skywalker acknowledged publishing the alleged trade secrets. Thus,

11 even if Plaintiff . . . identifies its trade secrets with particularity (which it has not yet done),

12 discovery on the trade secrets claim would only proceed against Doe Skywalker." Docket No. 83

13 ("Order Granting Motion to Dismiss and Denying Motion to Strike") at 19 (citing <u>Anonymous</u>

14 <u>Online Speakers v. United States Dist. Court (In re Anonymous Online Speakers)</u>, 2011 U.S. App.

15 LEXIS 487, at *16 (9th Cir. Jan. 7, 2011)). In light of Judge Koh's statement and the Court's

16 analysis and conclusion with respect to Plaintiff's copyright infringement claim, the Court

17 concludes that Plaintiff's trade secrets claim does not at this time warrant allowing Plaintiff to

18 subpoena any entities other than Automattic or to serve a subpoena seeking identifying information

19 for anyone other than Skywalker.

20                                **CONCLUSION**

21       Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendants'

22 motion to quash as follows:

23       1.  Plaintiff may serve a subpoena on Automattic but only for information sufficient to

24           identify the user data and account holder for the WordPress username Skywalker that is

25           associated with the blog located at aolfree.wordpress.com. Such identifying information

26           shall include the name, address, phone numbers, Internet Protocol (IP) addresses, Media

27 ─────────────────────────────
   find these statements persuasive. To get around Plaintiff's hearsay objection, Defendants contend
28 that they offer the statements not for their truth, but to show why they fear retaliation. But if not
   offered for their truth, the Court finds little reason to give Plaintiff's fear of retaliation much weight.

Access Control (MAC) addresses, and email addresses that are associated with the username. The subpoena shall have a copy of this order attached.

2. Upon receipt of the subpoena, Automattic shall have 14 days to produce the information responsive to the subpoena to Plaintiff. However, Automattic shall refrain from producing any subpoenaed information pending the resolution of any timely objection to this Court's order filed pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). <u>See</u> Civ. L. R. 72-2 ("Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge").

3. Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its First Amended Complaint.

4. In allowing Plaintiff to conduct this discovery, the Court does not intend to foreclose any valid objections that may be raised by Automattic.

**IT IS SO ORDERED.**

Dated: August 10, 2011



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

9

**C10-05022 LHK (HRL) N**otice will be electronically mailed to:

Jeffrey Michael Rosenfeld      Jeff@KBInternetlaw.com
Joshua Kathriel Koltun           joshua@koltunattorney.com
Karl Stephen Kronenberger    karl@KBInternetlaw.com, ecf@KBInternetlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28