**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile:  (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff
Art of Living Foundation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ART OF LIVING FOUNDATION,** | Case No. 10-cv-5022-LHK-HRL |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS DOE/KLIM AND DOE/SKYWALKER'S SECOND SPECIAL MOTION TO STRIKE; EVIDENTIARY OBJECTIONS** |
| **DOES 1-10,** inclusive**,** | |
| Defendants. | Date:     December 8, 2011 |
| | Time:     1:30 PM |
| | Ctrm:     Courtroom 4, 5th Floor |
| | Judge:    The Honorable Lucy H. Koh |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

BACKGROUND .................................................................................................. 2

   A. Plaintiff & Plaintiff's Teachings ................................................................... 2

   B. Plaintiff's Training of its Teachers & Plaintiff's Trade Secrets ...................... 3

   C. Plaintiff's Students Must Sign Confidentiality Agreements ........................... 4

   D. The Wordpress Blog ................................................................................... 4

   E. Procedural History ...................................................................................... 5

ARGUMENT ...................................................................................................... 7

   A. The Court has already found that the Manuals and Teaching Notes constitute trade secrets and that Skywalker published them........................................... 8

   B. Contrary to Defendants' argument, Plaintiff owns the Manuals and the Teaching Notes ............................................................................................ 9

   C. The designated portions of the Manuals and Teaching Notes constitute trade secrets where they are not generally known to the public ............................. 9

      1. Plaintiff's students must agree not to disclose the contents of Plaintiff's courses ................................................................................................. 10

      2. Even if students did not sign confidentiality agreements, courts have found that teaching procedures can constitute trade secrets ............ 11

      3. The Panchakosha Guided Meditation downloaded by Defendants differs from the Panchakosha process in Plaintiff's Manuals ........................ 13

      4. While Plaintiff's trade secrets refer to traditional Hindu concepts, they also include specific, novel, and proprietary teaching methods ......... 14

   D. Contrary to Defendants' argument, Plaintiff need not disentangle its trade secrets from religious issues to enjoy trade secret protection ..................... 15

   E. Plaintiff has already established that it takes reasonable measures to protect its trade secrets ............................................................................................ 17

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

i

F.  Plaintiff has already established that the Manuals and Teaching Notes have independent economic value ........................................................................ 18

G.  Skywalker has admitted to posting materials designated by Plaintiff as trade secrets ...................................................................................................... 19

H.  Plaintiff does not need to quantify its damages, but is prepared to do so after discovery ...................................................................................................... 19

EVIDENTIARY OBJECTIONS ................................................................................... 21

CONCLUSION ......................................................................................................... 23

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## TABLE OF AUTHORITIES

*Ajaxo Inc. v. E\*Trade Fin. Corp.,* 187 Cal. App. 4th 1295 (2010) .................................. 20

*Bridge Publ'ns, Inc. v. Vien*, 827 F. Supp. 629 (S.D. Cal. 1993) .......................... 11, 15-16

*DocMagic, Inc. v. Ellie Mae, Inc.,* 745 F. Supp. 2d 1119 (N.D. Cal. 2010) .............. 8, 20

*Grewal v. Jammu*, 191 Cal. App. 4th 977 (2011) ........................................................... 7

*Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125 (10th Cir. 2003) ............................ 11, 14

*In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 306 (2002) ......................... 18

*Maktab Tarighe Oveyssi Shah Maghsoudi, Inc. v. Kianfar*, 179 F.3d 1244 (9th Cir.
    1999) .......................................................................................................... 15-16

*Marijanovic v. Gray, York & Duffy*, 137 Cal. App. 4th 1262 (2006) ................................ 7

*Moore v. Shaw*, 116 Cal. App. 4th 182 (2004) ....................................................... 7, 21

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070 (N.D. Cal.
    2006) .................................................................................................................. 14

*Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688 (2007) ............. 7

*Paiva v. Nichols*, 168 Cal. App. 4th 1007 (2008) ........................................................... 7

*Religious Tech. Ctr. v. Netcom On-Line Communication Serv.*, 923 F. Supp. 1231 (N.D. Cal.
    1995) ........................................................................................................ *passim*

*Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott,* 869 F.2d 1306 (9th
    Cir.1989) ............................................................................................................ 15

*San Jose Const., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528 (2007) ................. 10, 15

*Smith v. Adventist Health Sys./West*, 190 Cal. App. 4th 40 (2010) ............................... 7

*Smokenders, Inc. v. Smoke No More, Inc.,* 184 U.S.P.Q. 309, 1974 WL 20234 (S.D. Fla.
    1974) .................................................................................................................. 12

*State ex rel. Perrea v. Cincinnati Pub. Sch.*, 916 N.E.2d 1049 (2009) ......................... 12

*Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425 (2003) ......................................... 10

*Unilogic, Inc. v. Burroughs Corp.,* 10 Cal. App. 4th 612 (1992) ................................... 20

*United Christian Scientists v. Christian Sci. Bd. of Dir., First Church of Christ Scientist*,
    829 F.2d 1152 (D.C.Cir.1987) ..................................................................... 15

*Vergos v. McNeal*, 146 Cal. App. 4th 1387 (2007) ........................................ 21

*Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004) . 8

*Yield Dynamics, Inc. v. TEA Sys. Corp.*, 154 Cal. App. 4th 547 (2007) ...................... 18

## Federal Statutes and Other Authorities

CALIFORNIA CIVIL CODE §3426 *et seq,* ...................................................... 8, 20

CODE OF CIVIL PROCEDURE 425.16 ........................................................... 1, 5, 8

CODE OF CIVIL PROCEDURE 2019.210 ............................................................ 6

FEDERAL RULE OF EVIDENCE 602 .......................................................... 21-22

FEDERAL RULE OF EVIDENCE 802 *et seq.* ...................................................... 22

FEDERAL RULE OF EVIDENCE 1002 ............................................................. 22

FIRST AMENDMENT TO THE U.S. CONSTITUTION .................................................. 16

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Plaintiff Art of Living Foundation ("Plaintiff"), by and through its counsel of record, respectfully submits the following memorandum of points and authorities in opposition to the Second Special Motion to Strike of Defendants Doe/Klim and Doe/Skywalker (collectively, "Defendants").

## INTRODUCTION

In denying Defendants' first motion to strike, the Court already found that Plaintiff has submitted competent evidence supporting its trade secret claims.  Plaintiff has submitted evidence that it is a non-profit organization that offers courses on breathing, meditation, and yoga, focusing on the teachings of Sri Sri Ravi Shankar and Sudarshan Kriya.  Plaintiff has submitted evidence that it keeps its teaching principles confidential. Plaintiff has submitted evidence that it derives economic value from the secrecy of its teaching principles, namely by differentiating its courses on breathing, meditation, and yoga from the courses of other organizations.  Finally, Plaintiff has submitted evidence that Defendant Skywalker posted Plaintiff's trade secrets on an Internet blog that he created for the purpose of criticizing Plaintiff.  Based on this evidence, the Court denied Defendants' first special motion to strike Plaintiff's trade secret claim.

Defendants have filed a second motion to strike under Code of Civil Procedure section 425.16, again challenging Plaintiff's claim for misappropriation of trade secrets. Despite labeling their motion as a special motion to strike, it is more akin to a motion for reconsideration.   Thus, the Court should disregard most of Defendants' arguments, where the Court has already found that Plaintiff has submitted competent evidence and authority that:

- Plaintiff owns the documents containing the trade secrets;

- Plaintiff takes reasonable measures to protect its trade secrets;

- Plaintiff's trade secrets have independent economic value;

- Skywalker has admitted to posting materials designated by Plaintiff as trade secrets; and

- That religious or spiritual works can enjoy trade secret protection.

The few issues in Defendants' motion that the Court has not already addressed are also easily dismissed for the following reasons:

- Plaintiff's students are required to sign confidentiality agreements before taking Plaintiff's courses—**Plaintiff's counsel's prior representation to the Court that Plaintiff's students are not required to sign such agreements was incorrect**;

- Even if students were not required to sign confidentiality agreements, Courts have found that teaching methods—like those contained in the Plaintiff's manuals—are entitled to trade secret protection; and

- Plaintiff does not need to quantify its damages to establish its trade secret claim, but is prepared to do so through discovery of information in the exclusive control of Defendants and third parties.

For all of these reasons, and as set forth more fully below, the Court should deny Defendants' special motion to strike.

## BACKGROUND

### A.      Plaintiff & Plaintiff's Teachings

Plaintiff, the Art of Living Foundation, is a California non-profit corporation based in Goleta, California. (Declaration of Ashwani Dhall [D.E. No. 40] ("Dhall Decl.") ¶11.) Plaintiff is not a religious organization or a cult. (*Id.* ¶12.) Rather, Plaintiff is a non-denominational educational and humanitarian organization dedicated to the teachings of Sri Sri Ravi Shankar ("Shankar"). (*Id.* ¶13.) Plaintiff offers courses on breathing, meditation, and yoga. (*Id.* ¶14.) At the core of Plaintiff's teachings is Sudarshan Kriya, which is a rhythmic breathing exercise. (*Id.* ¶15.)

Generally, individuals who wish to take a course offered by Plaintiff must register and pay the course fee. (Dhall Decl. ¶18.) Plaintiff uses the money it raises through its courses to maintain its facilities, to train new teachers for its courses, and to provide humanitarian aid and community service. (*Id.* ¶19.)

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**B.      Plaintiff's Training of its Teachers & Plaintiff's Trade Secrets**

Many organizations in the U.S. offer courses on breathing, yoga, and meditation. (Dhall Decl. ¶20.)  Plaintiff distinguishes its courses from other courses by requiring the specialized training of its teachers.  (*Id.* ¶21.)  The training of Plaintiff's teachers results in a direct financial benefit to Plaintiff in the form of course fees (both from new and continuing students).  (*Id.* ¶22.)

Given the importance Plaintiff places on teacher training, Plaintiff—in consultation with Shankar—has developed detailed processes by which its courses are to be taught.  (Dhall Decl. ¶23.)  These processes are contained in several written manuals developed by Plaintiff in consultation with Shankar.  (*Id.* ¶24.)  These manuals include, but are not limited to: a) the Training Guide Phase One Manual, b) the Phase One Supplement Manual (the Continuation Manual), and c) the Yes! Teacher Notes (collectively, the "Manuals").  (*Id.* ¶¶25-28 & Exs. A-C.)  Plaintiff has intentionally not memorialized the teaching processes for Sudarshan Kriya in a formal manual to prevent the unlawful distribution of its Sudarshan Kriya teaching principles.  (*Id.* ¶29.)  However, Plaintiff has developed a set of Sudarshan Kriya teaching notes (the "Teaching Notes"), which are read to student-teachers in a secure and untainted environment.  (Declaration of Michael Fischman in Opposition to Defendants' Second Special Motion to Strike ("Fischman Decl.") ¶5; Dhall Decl. ¶¶29-30.)  Plaintiff created the Manuals and Teaching Notes, and Plaintiff owns the Manuals and Teaching Notes as well as the intellectual property rights to the Manuals and Teaching Notes  (Fischman Decl. ¶5.)

Plaintiff keeps the Manuals and Teaching Notes strictly confidential.  (Dhall Decl. ¶32.)  Plaintiff stores the Manuals and Teaching Notes on password protected computers, using password protected files.  (*Id.* ¶34.)  Plaintiff only allows access to these electronic files to those people for whom access is necessary.  (*Id.*)  Before the Manuals or Teaching Notes are disclosed to student-teachers, they must agree not to disclose the Manuals or Teaching Notes.  (*Id.* ¶¶34-36.)  Student-teachers must also agree not to use the Manuals or Teaching Notes for any purpose other than teaching

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Plaintiff's courses.  (*Id.*)  Out of an abundance of concern, Plaintiff does not provide student-teachers with written manuals containing Plaintiff's confidential information on Sudarshan Kriya.  (*Id.* ¶¶29-30.)  Rather, Plaintiff provides the confidential information through oral presentations, and again, requires student-teachers to agree not to disclose or misuse any notes they take regarding the Teaching Notes.  (*Id.* ¶¶29-31 & Ex. D.)

**C.     Plaintiff's Students Must Sign Confidentiality Agreements**

At the hearing on Defendants' first motion to strike, Plaintiff's counsel incorrectly stated that Plaintiff's students are not required to sign a confidentiality agreement.  This statement was wrong.  Counsel has since conferred with Plaintiff about this specific issue and determined that there was a misunderstanding.

**Plaintiff has now confirmed that since before the Manuals and Teaching Notes were created, all students of its courses have been required to agree not to disclose any course content**.  (Fischman Decl. ¶7 & Ex. A.)  The agreement states:

> I also agree that I will not disclose the content of this course to anyone. I further agree that I will not attempt to instruct others in any of the techniques used in the course until such time as I receive personal training from Sri Sri Ravi Shankar and the Art of Living Foundation.  (*Id.* Ex. A.)

All students must sign this agreement before participating in one of Plaintiff's courses. (*Id.*¶7.)

Counsel for Plaintiff apologizes to the Court and Defendants for any confusion the prior misunderstanding caused.  Plaintiff intends to re-designate its trade secrets to account for this error, and requests that the Court adopt a schedule for this re-designation.

**D.     The Wordpress Blog**

In or before May 2010, Defendant Skywalker (in coordination with other anonymous Defendants) started the blog entitled Beyond the Art of Living and located at <aolfree.wordpress.com> (the "Wordpress Blog").   (Dhall Decl. ¶44; Declaration of

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Doe/Skywalker [D.E. No. 15] ("First Skywalker Decl.") ¶3.)  The ostensible purpose of the Wordpress Blog is to provide former students of Plaintiff and those doubting Plaintiff's teachings a space to heal, find answers, and understand the experiences they went through as students of Plaintiff.   (Declaration of Jeffrey M. Rosenfeld in Opp. to Defendants' Motions [D.E. No. 39] ¶¶3-5 & Exs. A-C.)  In fact, the Wordpress Blog is used as a forum to disparage Plaintiff and its teachings.  (Dhall Decl. ¶46.)

In addition to publishing disparaging statements on the Wordpress Blog, Defendant Skywalker (possibly with other Defendants) posted Plaintiff's trade-secret materials on the blog.  (First Skywalker Decl. ¶9 & Exs. B-D.)  Specifically, during June and July of 2010, Skywalker posted versions of Plaintiff's Manuals, Plaintiff's Teaching Notes, and a link to a version of Plaintiff's Teaching Notes, all on the Wordpress Blog. (*Id.*)  The Wordpress Blog is viewed by thousands of people each month.  (Declaration of Dr. Frederick B. Cohen in Opp. to Defendants' Motions [D.E. No. 54] ¶2-7 & Exs. A-B.)

**E.     Procedural History**

On November 5, 2010, Plaintiff filed its initial complaint against several Doe Defendants who operate and contribute to the Wordpress Blog [D.E. No. 1.]  The initial complaint asserted claims for copyright infringement, misappropriation of trade secrets, defamation, and trade libel.   [D.E. No. 1.]   On January 31, 2011, pseudonymous Defendants Klim and Skywalker filed a motion to dismiss, a motion to strike under Code of Civil Procedure 425.16, and a motion to quash the subpoenas that Plaintiff had issued to Google and Automattic.  [D.E. Nos. 11-13.]

On June 15, 2011, Judge Koh entered an order granting in part and denying in part Defendants' motion to dismiss and denying Defendants' motion to strike (the "Prior Order").   [D.E. No. 83.]   The Court dismissed Plaintiff's defamation and trade libel claims, but denied the motion to strike as to Plaintiff's misappropriation of trade secrets claim.  Because Defendants had not attacked Plaintiff's copyright infringement claim in either their motion to dismiss or motion to strike, that claim remained alive as well.  In denying the motion to strike, the Court made several findings, including that:

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

- Skywalker posted the Manuals and Teaching Notes on the Wordpress Blog. (Prior Order at 17:12-13.)

- Plaintiff has submitted credible evidence that it derives independent economic value from the Manuals and Teaching Notes. (Prior Order at 17:23-24.)

- Plaintiff has submitted credible evidence that it uses reasonable efforts to keep the Manuals and Teaching Notes confidential. (Prior Order at 17:24-25.)

- Plaintiff generates revenue from its courses, which are based on the Manuals and Teaching Notes. (Prior Order at 17:26-27.)

- Plaintiff distinguishes itself from other organizations that teach breathing, yoga, and meditation by offering courses based on its Manuals and Teaching Notes. (Prior Order at 17:28-18:1.)

In the Prior Order, the Court also made several relevant legal findings:

- The spiritual nature of the Manuals and Teaching Notes does not remove them from trade secret protection. (17:14-15.)

- The secrecy requirement in a trade secret misappropriation claim is a fact-intensive analysis and a relative concept. (Prior Order at 18:14-15.)

- The Court has found no authority finding that a motion to strike a trade secret claim is an appropriate remedy for a failure to designate the trade secrets with sufficient particularity under Code of Civil Procedure section 2019.210. (Prior Order at 19:5-7.)

In its Prior Order, the Court also instructed Plaintiff to identify the scope of its trade secrets with greater particularity. Thus, on July 7, Plaintiff served its amended trade secret designations on Defendants' counsel, and on July 14, Plaintiff filed its First Amended Complaint, which asserted claims for copyright infringement and misappropriation of trade secrets against Defendant Skywalker and unknown Defendants that materially assisted Skywalker in his misconduct. [D.E. No. 85.] On

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   September 12, Defendants filed the instant special motion to strike Plaintiff's trade

2   secret claim.

3   <u>**ARGUMENT**</u>

4       Adjudication of an anti-SLAPP motion involves a two-part process.   First, the

5   moving party must establish that the plaintiff's cause of action arises from the defendant's

6   free speech or petition activity.   *See Marijanovic v. Gray, York & Duffy*, 137 Cal. App. 4th

7   1262, 1270 (2006).   Second, if the moving defendant meets that burden then the burden

8   shifts to the plaintiff to establish a probability of prevailing.   *See id.*   In order to establish

9   such a probability, the plaintiff must make a prima facie showing of facts, which would, if

10   proven at trial, support a judgment in the plaintiff's favor.   *See id.*

11       In considering an anti-SLAPP motion, the plaintiff's burden of establishing a

12   probability of prevailing is not high.   *See Overstock.com, Inc. v. Gradient Analytics, Inc.*,

13   151 Cal. App. 4th 688, 699–700 (2007).   The Court must not weigh credibility, evaluate

14   the weight of the plaintiff's evidence, or consider conflicting evidence presented by the

15   defendant.   *See id.*; *Moore v. Shaw*, 116 Cal. App. 4th 182, 196–98 (2004).   Instead, the

16   Court must accept as true all evidence favorable to the plaintiff and determine if that

17   evidence is sufficient to establish Plaintiff's claim at trial.   *See id.*; *Paiva v. Nichols*, 168

18   Cal. App. 4th 1007, 1017 (2008).   The Court looks to and assesses the defendant's

19   evidence only to determine if it defeats the plaintiff's submission as a matter of law.   *See*

20   *Grewal v. Jammu*, 191 Cal. App. 4th 977, 989 (2011).   Thus, only a cause of action that

21   lacks minimal merit will be stricken by an anti-SLAPP motion.   *See Smith v. Adventist*

22   *Health Sys./West*, 190 Cal. App. 4th 40, 50 (2010); *Overstock.com, Inc.* 151 Cal. App.

23   4th at 699-700.

24       Here, the Court has already found that Plaintiff has presented sufficient evidence to

25   establish its claim at trial with respect to most of the issues raised in Defendants' current

26   motion to strike.   Defendants fare no better with the few issues not already decided by

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

the Court.  For these reasons and as set forth in more detail below, the Court should deny

Defendants' special motion to strike.[1]

**A.      The Court has already found that the Manuals and Teaching Notes constitute trade secrets, and that Skywalker published them.**

To establish a claim for misappropriation of trade secrets under California law, a

plaintiff must show: 1) the existence of a trade secret, and 2) misappropriation of the

trade secret.  *See DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1145 (N.D.

Cal. 2010).  California law defines a trade secret as:

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Civ. Code §3426.1(d).

In its Prior Order, the Court found that Plaintiff had submitted competent evidence

that it possesses trade secrets in the Manuals and Teaching Notes, and that Defendant

Skywalker misappropriated those trade secrets.  Specifically, the Court found that Plaintiff

had submitted sufficient evidence that it derives economic value from the Manuals and

Teaching Notes, that Plaintiff uses reasonable measures to keep the Manuals and Teaching

Notes confidential, and that Defendant Skywalker posted the Manuals and Teaching  Notes

on the Wordpress Blog.  (Prior Order at 17:8-18:23.)   Considering these findings of the

Court, most of Defendants' motion makes no sense.

---

[1]    Defendants seek fees under Code of Civil Procedure section 425.16 based on Plaintiff's decision not to include defamation and trade libel claims in its First Amended Complaint, arguing that Defendants are prevailing parties.  This request makes no sense and is contradicted by Ninth Circuit authority.

In *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004), the court found that "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint."  Thus, the court went on to find that "if the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants."  *Id.* at 1091.

Here, the offending claims—*i.e.* Plaintiff's defamation and trade libel claims—did not remain in the First Amended Complaint.  Thus, under *Verizon Delaware*, the anti-SLAPP remedies do not remain available to Defendants as to these claims, particularly where the Court never granted Defendants' original anti-SLAPP motion as to these claims.

---

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Moreover, to the extent that Defendants seek to introduce new evidence that Plaintiff does not use reasonable efforts to keep the Manuals or Teaching Notes confidential or that Plaintiff does not derive economic value from its trade secrets, Defendants are asking the Court to weigh their evidence against Plaintiff's evidence.  As discussed above, such a weighing of evidence is inappropriate in analyzing a special motion to strike.  Because the Court has already determined that Plaintiff has established the elements of its trade secret claim with competent evidence, Defendants' motion must fail.

**B.      Contrary to Defendants' argument, Plaintiff owns the Manuals and the Teaching Notes.**

In its Prior Order, the Court recognized that Plaintiff had submitted evidence that it owns the Manuals and Teaching Notes.  (Prior Order at 3:2-9, 17:23-18:11.)  Specifically, Plaintiff developed the Manuals and Teaching Notes in consultation with Shankar, and Plaintiff retains the rights to these documents.  (Dhall Decl. ¶¶24-25, 29-31; Fischman Decl. ¶4.)

Notwithstanding this finding, Defendants argue that Plaintiff does not own the trade secrets at issue, because Plaintiff's Manuals and Teaching Notes appear to have been published abroad.  (Mot. at 6:3-12.)  Defendants cite to no evidence to support this argument, nor could they.  As the Court has already found, Plaintiff has submitted competent evidence that it owns the Manuals and Teaching Notes.  To the extent there is any doubt, Plaintiff has submitted additional testimony by the co-author of the Manuals and Teaching Notes, establishing that Plaintiff owns the specific documents attached to its trade secret designation, which Plaintiff created in consultation with Shankar.  (Fischman Decl. ¶4.) Thus, Defendants' argument fails and their motion should be denied.

**C.      The designated portions of the Manuals and Teaching Notes constitute trade secrets where they are not generally known to the public.**

While Defendants argue that the designated portions of the Manuals and Teaching Notes are generally known, and thus cannot be trade secrets, Defendants' argument fails for several reasons, discussed in detail in the following sections.  First, Plaintiffs' counsel misspoke at the prior hearing when he said that Plaintiff's students do not sign a

9                    **PLAINTIFF'S OPP. TO DEFENDANTS'
                                                                                                  SECOND SPECIAL MTN TO STRIKE**

confidentiality agreement.  This was incorrect.  Plaintiff's students must agree not to disclose the contents of Plaintiff's courses before they can take a course.  Second, even if students did not sign a confidentiality agreement, the fact that a teaching method is observed by students does not make the method unprotectable as a trade secret.  Rather, where a teaching method is sufficiently nuanced or complex, such that a student would not remember it outside of the class, trade secret protection remains.  Third, the audio recording of the Panchakosha Guided Meditation that Defendants' counsel downloaded differs from Plaintiff's trade secret version, and these differences include novel components entitling Plaintiff's method to trade secret protection.  Finally, while the Manuals and Teaching Notes refer to traditional Hindu concepts, they use those concepts in novel ways with additional proprietary components.  Trade secret protection exists for the use of traditional concepts in novel ways, particularly when coupled with novel components.  Thus, as explained in more detail below, Defendants' argument that the Manuals and Teaching Notes do not contain trade secrets fails.

However, if there is any question about whether the Manuals and Teaching Notes contain trade secrets, that is a question of fact, which must be resolved by a jury.  *See San Jose Const., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1537 (2007); *Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425, 1430 (2003).

**1.    Plaintiff's students must agree not to disclose the contents of Plaintiff's courses.**

Since before the creation of the Manuals and Teaching Notes, Plaintiff has required students to agree not to disclose the contents of Plaintiff's courses.  (Fischman Decl. ¶7.) Plaintiff's counsel previously misinformed the Court about the use of such agreements, and apologizes for this error.  Plaintiff has now confirmed that students must sign a confidentiality agreement before taking one of Plaintiff's courses.  (*Id.* ¶7.)  This agreement requires students not to "disclose the content of this course to anyone [and] further agree that [he/she] will not attempt to instruct others in any of the techniques used in the course until such time as [he/she] receive[s] personal training from Sri Sri Ravi Shankar and the Art of

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1  Living Foundation." (*Id.* Ex. A.)  This agreement—or a similar version of it—has been used

2  by Plaintiff since before the Manuals and Teaching Notes were created.  (*Id.* ¶7.)

3      Plaintiff's confidentiality requirement makes this case analogous to *Religious Tech.*

4  *Ctr. v. Netcom On-Line Communication Serv.*, 923 F. Supp. 1231, 1253 (N.D. Cal. 1995),

5  where in analyzing the confidentiality of trade secrets, the court found that "adherents of the

6  church . . . are under a duty of confidentiality as to the materials."  *See also Bridge Publ'ns,*

7  *Inc. v. Vien*, 827 F. Supp. 629, 633 (S.D. Cal. 1993) (finding that plaintiff used reasonable

8  steps to keep religious materials secret when they required church adherents to sign an

9  agreement to maintain secrecy).  Because Plaintiff takes reasonable efforts to keep its

10  Manuals and Teaching Notes confidential—including by requiring both student-teachers and

11  end-students not to disclose the materials outside of Plaintiff's courses—Plaintiff's trade

12  secrets are not generally known to the public.  Thus, the Court should deny Defendants'

13  motion to the extent it is based on a lack of secrecy of the Manuals and Teaching Notes.

14      **2.    Even if students did not sign confidentiality agreements, courts have
          found that teaching procedures can constitute trade secrets.**

15

16      The Court and Defendants have questioned whether the portions of the Manuals and

17  Teaching Notes that are observed by students can constitute trade secrets.  This question is

18  now moot where Plaintiff has clarified that all of its students are required to sign

19  confidentiality agreements. But even if Plaintiff did not require its students to sign

20  confidentiality agreements, the Manuals and Teaching Notes would still warrant trade secret

21  protection.  The few courts that have addressed the issue have found that teacher training

22  processes and classroom techniques can constitute trade secrets—even when the students

23  are not subject to a confidentiality agreement—when the techniques are sufficiently complex

24  or nuanced such that a student would not be expected to remember the techniques.

25      • *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125 (10th Cir. 2003):  The plaintiff,

26          which offered a swimming instruction program, asserted a trade secret claim

27          against three former employees.  In a five-week course, the plaintiff trained its

28          instructors to teach the plaintiff's swimming courses, and the instructors received a

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

videotape showing the techniques.  The Tenth Circuit found that the district court had improperly looked at the individual components of the swimming program rather than the whole in finding that the plaintiff did not have a trade secret.  Thus, the Tenth Circuit found that the plaintiff had raised genuine issues of fact as to whether their instruction techniques were trade secrets.

- *State ex rel. Perrea v. Cincinnati Pub. Sch.*, 916 N.E.2d 1049 (2009):  Cincinnati Public Schools ("CPS"), a public school district, required teachers to use prescribed assessment exams.  Perrea, a high school teacher within the CPS district, requested copies of the prior exams.  Perrea's request was denied on the ground that the exams constituted trade secrets.  Perrea filed an action to compel CPS to produce the exams.  While the court acknowledged that the exams were fully disclosed to students and teachers without a confidentiality requirement, the court nevertheless found that the exams were trade secrets where students and teachers were not permitted to make copies of the exams.

- *Smokenders, Inc. v. Smoke No More, Inc.*, 184 U.S.P.Q. 309, 1974 WL 20234 (S.D. Fla. 1974):  The plaintiff, which operated a smoke cessation program, asserted a trade secret claim against a competitive service.  The plaintiff had reduced its program to a written manual, which contained smoke cessation concepts and techniques to be communicated to students.  Plaintiff's instructors were required to sign a written statement not to appropriate or disclose any portion of the manual; however the attendees of the plaintiff's program were not required to sign a confidentiality agreement.  *See Religious Tech. Ctr.*, 923 F. Supp. at 1252 (analyzing *Smokenders*).  The court found that the plaintiff's manual constituted a trade secret, emphasizing that "the length and complexity of the program make it too much for an attendee to remember or to memorize enough of the program to appropriate it."

Based on this case law, teacher training processes and classroom techniques can constitute trade secrets—even when the students are not subject to a confidentiality

agreement—when the techniques are sufficiently complex or nuanced.  Thus, even if Plaintiff did not require its students to sign confidentiality agreements, Plaintiff's Manuals and Teaching Notes would remain protectable as confidential teaching methods.

### 3. The Panchakosha Guided Meditation downloaded by Defendants differs from the Panchakosha process in Plaintiff's Manuals.

In his declaration, Defendants' counsel states that he purchased and downloaded a recording of Shankar conducting a version of the Panchakosha Guided Meditation (Declaration of Joshua Koltun in Support of Second Special Motion to Strike ("Koltun Decl.") ¶2.)  Thus, Defendants argue that the portion of Plaintiff's Manuals describing Panchakosha is in the public domain.  The problem with Defendants' argument is that there are significant and strategic differences between the downloaded version and the version in Plaintiff's Manuals.

First, the Panchakosha version in the Manuals contains timing, breathing, and resting instructions that are not in the downloaded version, referred to as "gaps."  (Fischman Decl. ¶10.)  These gaps are an important and intentional aspect of Plaintiff's unique approach to Panchakosha Guided Meditation, which is taught in Plaintiff's courses, and which differs from other versions of Panchakosha.  (*Id.*)  Second, the Manual contains specific instructions on how to teach Panchakosha, which are not in the downloaded version.  (*Id.*)  Again, these instructions are important aspects of Plaintiff's teaching of Panchakosha, which distinguish Plaintiff's teachings from the teachings of others.  (*Id.*)  Finally, the actual Panchakosha meditation process described in the Manuals differs from the downloaded version.  (*Id.* ¶11.)

These differences are not minor or unintentional.  Plaintiff has expended significant resources developing and refining its proprietary Panchakosha Guided Meditation, and specifically the timing gaps.  (Fischman Decl. ¶10.)  Moreover, Plaintiff has diligently protected this method as a trade secret.  (*Id.* ¶11.)  The fact that Defendants downloaded another version of Panchakosha, which does not contain Plaintiff's trade secret information, in no way disproves Plaintiff's possession of a trade secret in Plaintiff's novel, proprietary version of Panchakosha.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

13

**PLAINTIFF'S OPP. TO DEFENDANTS' SECOND SPECIAL MTN TO STRIKE**

**4.     While Plaintiff's trade secrets refer to traditional Hindu concepts, they also include specific, novel, and proprietary teaching methods.**

Defendants argue that Plaintiff's trade secrets are common assertions of Hindu mysticism, and are thus not entitled to trade secret protection.  (Mot. at 10:10-11.)  While it is true that Plaintiff's Manuals and Teaching Notes refer to traditional Hindu concepts, Plaintiff's texts include much more than these references.  Plaintiff's Manuals and Teaching Notes include specific approaches to the teaching of breathing, meditation, and yoga, which were designed by Plaintiff to simplify the exercise processes and to maximize the benefit for students.  (Fischman Decl. ¶9.)  While Plaintiff's methods refer to traditional Hindu concepts, Plaintiff's teaching methods incorporate novel instructional components, which transform the methods into protectable trade secrets.  (*Id.*)  Thus, even though Plaintiff's trade secrets refer to concepts in the public domain, Plaintiff's teaching methods are entitled to protection where they incorporate novel aspects.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070, 1089 (N.D. Cal. 2006) (stating that "combinations of non-secret information can be trade secrets"); *Harvey Barnett, Inc.*, 338 F.3d at 1130 (finding that plaintiff's swimming instruction techniques were trade secrets when they included unique and novel components).

Defendants' specific examples fare no better.   Defendants argue that Plaintiff's Manuals and Teaching Notes cannot comprise trade secrets where they refer to the traditional Hindu concepts of: a) Brahman and Atman, b) the So Ham mantra, and c) the guru's grace.  (Mot. at 11:1-2, 11:20-21, 13:1-6.)  However, Plaintiff does not contend that it has trade secret rights over these traditional Hindu concepts.  Rather, Plaintiff has trade secret rights over its novel teaching methods, which in some cases refer to these traditional concepts.  Defendants fail to explain how public knowledge of So Ham, Brahman, Atman, or the guru's grace relates to Plaintiff's specific teaching methods.  Nor do Defendants argue that these traditional concepts comprise the entirety of Plaintiff's trade secrets, such that Plaintiff has not added any novel component.  Thus, Plaintiff's novel teaching methods—including those that refer to traditional Hindu concepts—are fully protectable under California trade secret law.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Finally, if any question remains about whether Plaintiff's trade secrets only comprise

2    publicly known concepts, this is a question of fact that must be resolved by a jury. *See San*

3    *Jose Const., Inc.,* 155 Cal. App. 4th at 1537 (finding that whether information is a trade

4    secret is ordinarily a question of fact). Thus, the Court should deny Defendants' motion.

5    **D.    Contrary to Defendants' argument, Plaintiff need not disentangle its trade secrets from religious issues to enjoy trade secret protection.**

6

7    Defendants argue that the Court cannot decide whether the Manuals and Teaching

8    Notes contain trade secrets because such a decision would impermissibly entangle the

9    Court in religious matters. (Mot. at 16:27-17:2.) This is incorrect. As the Court has already

10   found, the spiritual nature of Plaintiff's works does not remove them from trade secret

11   protection. (Prior Order at 17:14-15.) In so finding, the Court relied on *Religious Tech. Ctr.*

12   923 F. Supp. at 1252, which found:

13   Thus, there is at least some precedent for granting trade secret status
14   to works that are techniques for improving oneself (though not
     specifically spiritually). Conversely, there is no authority for excluding
15   religious materials from trade secret protection because of their nature.
     Indeed, there is no authority for excluding any type of information
16   because of its nature. While the trade secret laws did not necessarily
     develop to allow a religion to protect a monopoly in its religious
17   practices, the laws have nonetheless expanded such that the Church's
     techniques, which clearly are "used in the operation of the enterprise,"
18   Restatement § 39, at 425, are deserving of protection if secret and
     valuable.
19

20   Similarly, in *Bridge Publ'ns, Inc.* 827 F. Supp. at 634-35, the court found:

21   [P]laintiffs' claims for copyright and trade secret protection are not barred
     by the religious nature of the works. The court expressly held that
22   enforcing plaintiffs' right in these works violated neither the establishment
     clause nor the free exercise clause. *See United Christian Scientists v.*
23   *Christian Sci. Bd. of Dir., First Church of Christ Scientist,* 829 F.2d
     1152, 1159 (D.C.Cir.1987) ("normally, a grant of copyright on a religious
24   work poses no constitutional difficulty. Religious works are eligible for
     protection under general copyright laws"); *Religious Tech. Ctr., Church*
25   *of Scientology Int'l, Inc. v. Scott,* 869 F.2d 1306, 1309–10 (9th Cir.1989)
     (religious material can qualify as a trade secret under California law if it
26   confers on its owner an actual economic advantage over competitors.)

27   Despite the foregoing case law, Defendants argue that the decision in *Maktab Tarighe*

28   *Oveyssi Shah Maghsoudi, Inc. v. Kianfar*, 179 F.3d 1244 (9th Cir. 1999) prevents the Court

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**PLAINTIFF'S OPP. TO DEFENDANTS'
SECOND SPECIAL MTN TO STRIKE**

from considering whether a spiritual or religious text contains trade secrets.  However, this is not what *Maktab* says.  In fact, *Maktab* undermines Defendants' position, holding:

> In avoiding the religious thicket, however, we must be careful not to deprive religious organizations of all recourse to the protections of civil law that are available to all others. Such a deprivation would raise its own serious problems under the Free Exercise Clause. It would also leave religious organizations at the mercy of anyone who appropriated their property with an assertion of religious right to it.

> The Supreme Court accordingly has recognized that courts may play a role in resolving religious property disputes. "[N]ot every civil court decision as to property claimed by a religious organizations jeopardizes values protected by the First Amendment."

> [¶]

> The Supreme Court has held that, wholly apart from the hierarchical decision-making apparatus of the religious organization, a court may resolve property disputes by applying secular principles of property, trust and corporate law when the instruments upon which those principles operate are at hand. Thus no First Amendment issue arises when a court resolves a church property dispute by relying on state statutes concerning the holding of religious property, the language in the relevant deeds, and the terms of corporate charters of religious organizations.  *Maktab*, 179 F.3d at 1248-49 (internal quotations and citations omitted).

The *Maktab* court went on to find that the plaintiffs' trademark infringement claims against a competing religious organization were susceptible to decision by neutral principles.  *Id.* at 449.

Defendants' efforts to distinguish this case from *Maktab*, *Religious Technology Center*, and *Bridge Publications* are unavailing.  As with the claims in each of those cases, Plaintiff's trade secret claim can be decided on neutral principles, where the Court and/or jury need only determine whether Plaintiff has used reasonable efforts to keep its trade secrets confidential and whether Plaintiff derives economic value from their secrecy. Defendants are free to argue—as they have already unsuccessfully done and as was argued in *Religious Technology Center* and *Bridge Publications*—that Plaintiff's trade secrets are generally known to the public.  However, the resolution of this argument does not improperly embroil the Court in religious matters, but rather involves a straightforward

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

comparison of Plaintiff's texts to texts in the public domain.  Thus, the Court should deny Defendants' motion to strike on this basis as well.

**E.     Plaintiff has already established that it takes reasonable measures to protect its trade secrets.**

In its Prior Order, the Court found that Plaintiff had submitted credible evidence that it uses reasonable measures to protect its trade secrets.  (Prior Order at 18:4-23.)  Despite this finding, Defendants re-hash their argument that Plaintiff's confidentiality measures are inadequate.  Defendants first argue that Plaintiff's trade secrets originated from outside the U.S., and that international chapters of the Art of Living do not impose the same confidentiality obligations as Plaintiff.  (Mot. at 20:23-27.)  Defendants' argument fails where the Manuals and Teaching Notes were developed by Plaintiff in consultation with Shankar, and Plaintiff owns the Manuals, the Teaching Notes, and the intellectual property rights in these texts.  (Fischman Decl. ¶¶4-5.)  Moreover, Plaintiff has used diligent efforts to preserve the confidentiality of the Manuals and Teaching Notes.  (*Id.* ¶¶6-7.)  Where Plaintiff has authorized a third party to use the Manuals or Teaching Notes—such as another chapter of the Art of Living—Plaintiff has required that the third party adhere to the same confidentiality protocols as Plaintiff.  (*Id.* ¶8.)

Defendants Skywalker and Klim have submitted declarations claiming that other chapters of the Art of Living do not impose the same confidentiality obligations as Plaintiff. (Second Declaration of Doe/Skywalker ¶¶14-16; Second Declaration of Doe/Klim ¶3.) However, Defendants' anonymous, self-serving declarations lack any semblance of foundation.  Neither Plaintiff nor the Court knows anything about Defendants, nor can we verify any of their contentions.  We don't know whether Skywalker and Klim were actually teachers for a chapter of Art of Living, as they claim.  We don't know whether Skywalker and Klim actually live outside the U.S, as they claim.  We don't know the basis of Skywalker's testimony about how confidentiality is enforced by Plaintiff.  As discussed in the evidentiary objections below, the Court should exclude these declarations in their entirety.  Regardless

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

of whether the Court excludes these declarations, Plaintiff has submitted sufficient evidence that Plaintiff keeps its trade secrets confidential.

Defendants also argue that Plaintiff's instructors do not know what portions of the Manuals and Teaching Notes are confidential, and thus cannot have understood what content was to be taught to students.  (Mot. at 21:15-20.)  Defendants' argument fails where Plaintiff's instructors are expressly told to keep the entirety of the Manuals and Teaching Notes confidential.  (Fischman Decl. ¶6.)  As clarified above, both Plaintiff's teachers and Plaintiff's students are under an obligation of confidentiality concerning Plaintiff's courses. Teachers are required not to disclose the Manuals and Teaching Notes except when teaching Plaintiff's courses.  Students are required not to disclose any content from Plaintiff's courses.   Given Plaintiff's confidentiality requirements for both teachers and students, Plaintiff need not distinguish between portions of its Manuals and Teaching Notes to maintain trade secret protection.

Because the Court has already found that Plaintiff submitted evidence that it uses reasonable efforts to maintain the confidentiality of its trade secrets, the Court should deny Defendants' motion on this basis.  If any question remains about whether Plaintiff uses reasonable efforts to maintain confidentiality, this is a question of fact that must be resolved by a jury.  *See In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 306 (2002).

**F.   Plaintiff has already established that the Manuals and Teaching Notes have independent economic value.**

As with their first motion to strike, Defendants argue that Plaintiff's trade secrets do not have independent economic value.  (Mot. at 16:3-6.)  However, the Court has already found that Plaintiff has submitted credible evidence that it derives independent economic value from the Manuals and Teaching Notes.  (Prior Order at 17:23-24.)   The core inquiry when determining whether information has independent economic value is the value to the owner in keeping the information secret from persons who could exploit it to the relative disadvantage of the owner.  *See Yield Dynamics, Inc. v. TEA Sys. Corp.*, 154 Cal. App. 4th 547, 568 (2007).  As the Court already found, Plaintiff generates

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

revenue from its courses, based on the Manuals and Teaching Notes, and distinguishes itself from other organizations that teach breathing, yoga, and meditation by offering courses based on its Manuals and Teaching Notes.   (Prior Order at 17:26-18:1.) Defendants have presented no evidence to support their re-hashed argument that such value does not exist.  Thus, Defendants' motion should be denied on this basis as well.

**G.     Skywalker has admitted to posting materials designated by Plaintiff as trade secrets.**

Defendants argue that most of the materials that Plaintiff has designated as a trade secret were never posted by Skywalker.  Defendants' argument fails where: a) Skywalker has admitted to posting portions of Plaintiff's trade secrets, and b) based on the realization that all of Plaintiff's students must sign a confidentiality agreement, Plaintiff intends to re-designate its trade secrets to cover additional materials unlawfully published by Skywalker.

First, Skywalker admits that he posted text that significantly overlaps with Plaintiff's Sudarshan Kriya Teaching Notes, one of Plaintiff's most sacred and economically valuable documents.   (First Skywalker Decl. [D.E. No. 15] ¶9 & Exs. B-D.)   The fact that that Skywalker only misappropriated some but not all of Plaintiff's trade secrets does not excuse his misconduct.  This evidence is sufficient to state a claim for misappropriation of trade secrets.

Second, Plaintiff's counsel has now corrected its misunderstanding regarding the confidentiality obligations for Plaintiff's students.  Specifically, Plaintiff has confirmed that both teachers and students are required to keep the Manuals, Teaching Notes, and course content confidential.   In light of this realization, Plaintiff seeks to re-designate its trade secrets, and asks that the Court set a schedule for Plaintiff to do so.  Once re-designated, the overlap between Plaintiff's trade secrets and Skywalker's publications will become more pervasive.  For both of these reasons, the Court should deny Defendants' motion.

**H.     Plaintiff does not need to quantify its damages, but is prepared to do so after discovery.**

Defendants argue that Plaintiff cannot succeed on its trade secrets claim if Plaintiff does not establish a precise loss.  Defendants are incorrect.   Quantifiable damages are

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   not an element of a claim for misappropriation of trade secrets.  *See DocMagic*, 745 F.

2   Supp. 2d at 1145.  Rather, California law permits judicial relief even when damages are

3   not readily quantifiable.  *See* Civil C. §3426.3; *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal.

4   App. 4th 1295, 1308 (2010).  Specifically, Civil Code section 3426.3 provides several

5   measures of damages upon proof of misappropriation of trade secrets: a) damages for

6   the actual loss caused by misappropriation, b) the unjust enrichment caused by

7   misappropriation, and c) if neither damages nor unjust enrichment caused by

8   misappropriation are provable, the court may order payment of a reasonable royalty.

9   *See Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 626 (1992).  A reasonable

10  royalty will be calculated by the court based on what the parties would have agreed to as

11  a fair licensing price at the time the misappropriation occurred.  *See Ajaxo Inc. v.

12  E*Trade Fin. Corp.*, 187 Cal. App. 4th at 1308.

13      As Plaintiff has disclosed to Defendants, Plaintiff intends to rely on a reasonable

14  royalty to establish its recoverable damages.  Specifically, Plaintiff's trade secret

15  damages (not including the requested punitive damages and attorneys' fees) will be

16  calculated by multiplying the reasonable royalty by the number of viewers of the

17  unlawfully published trade secrets.

18      As Plaintiff has also disclosed to Defendants, the number of viewers of Plaintiff's

19  trade secrets—including all of the different media outlets in which Defendants unlawfully

20  posted Plaintiff's trade secrets—is information in the exclusive control of Skywalker and

21  third party Automattic (and possibly other anonymous defendants or third parties).

22  Skywalker has described some of this data in his declaration (but has not actually

23  produced it), and Automattic has produced a summary of this data.  Plaintiff has not had

24  an opportunity to question either Automattic or Skywalker about this data or to serve

25  follow up discovery.  However, based on Plaintiff's review of the data produced to date,

26  Plaintiff will be seeking damages equal to the reasonable royalty multiplied by in excess

27  of 4,000 viewers.

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Thus, Defendants are simply incorrect that Plaintiff cannot—and has not—

2    established its right to recover damages.  Defendants' motion should be denied for this

3    reason as well.

4                          **EVIDENTIARY OBJECTIONS**

5    As discussed above, the Court should deny Defendants' special motion to strike

6    because the Court has already found that Plaintiff has submitted competent evidence

7    supporting its trade secrets claim.  Moreover, to the extent that Defendants have

8    submitted competing evidence, the Court must not consider that evidence; instead, the

9    Court must accept as true all evidence favorable to Plaintiff, and on that basis alone,

10   determine if Plaintiff has presented sufficient evidence to establish its claim at trial.  *See*

11   *Moore,* 116 Cal. App. 4th at 196–198.

12   If, despite the foregoing procedure, the Court decides to review Defendants'

13   evidence, it should exclude large portions that lack any foundation, constitute

14   inadmissible hearsay, or violate the best evidence rule.   Evidence presented in

15   connection with a special motion to strike must be admissible.  *See Vergos v. McNeal*,

16   146 Cal. App. 4th 1387, 1400–1401 (2007).  Here, the Court should exclude the following

17   evidence of Defendants as inadmissible:[2]

18   • Skywalker and Klim's Second Declarations Generally:  Plaintiff objects to the

19   second declarations of Klim and Skywalker [D.E. Nos. 101-102] in their entirety, as their

20   anonymous testimony lacks the foundational requirements of the Federal Rules of

21   Evidence, and deprives Plaintiff of the opportunity to assess the accuracy of the

22   declarations.    Specifically, neither Klim nor Skywalker has established that their

23   declarations are based on their personal knowledge.  Fed. R. Evid. 602.  Moreover,

24   Skywalker and Klim ask the Court and Plaintiff to believe their testimony without

25   providing Plaintiff any opportunity to contest it.  Such a presumption is antithetical to the

26   _____

27   [2] To the extent that Defendants rely on the first declaration of Skywalker and Klim [D.E.
     Nos. 15-16] filed in support of Defendants' original motion to strike and motion to quash,
28   Plaintiff incorporates its original evidentiary objections contained in its opposition to
     Defendants' motion to quash [D.E. No. 64.]

American judicial system.  Thus, the Court should exclude the entire declarations of Skywalker and Klim.

- Lacking Foundation:  Federal Rule of Evidence 602 provides that a witness may not testify to a matter unless sufficient evidence is introduced to support a finding that the witness has personal knowledge of the matter.  Skywalker has failed to provide sufficient foundation for several portions of his second declaration [D.E. No. 101], where he provides no explanation about the source of his knowledge regarding his testimony.  Thus, the Court should exclude the following portions of Skywalker's second declaration as lacking the required foundation and/or offering speculation:  pp. 3:9-11, 4:9-13, 5:4-7, 5:14-17, 5:18-22, 5:25-28, 6:3-6, 6:28-7:1, 7:2-9, 7:10-13, 7:17-22, 7:23-25.

- Containing Hearsay:   Under Federal Rule of Evidence 802, hearsay is not admissible unless it falls within one of the specific exceptions in Rules 804 and 805.  The Court should exclude the following portions of Skywalker's second declaration, which constitute inadmissible hearsay not subject to any exception: 4:17-22, 5:8-12, 5:15-17, 5:18-22, 5:26-28, 6:28-7:1, 7:2-4, 7:10-13.

- Violating the Best Evidence Rule:  The best evidence rule, Fed. R. Evid. 1002, excludes secondary evidence offered to prove the contents of a writing, recording, or photograph.  Paragraph 24 of the Skywalker's second declaration describes analytics data from the Wordpress Blog, but Skywalker has failed to produce the data (for a second time).  Skywalker cannot rely on testimony about this data without violating the best evidence rule or the hearsay rule.  Thus, the Court should exclude Paragraph 24 of the Skywalker declaration.  Similarly, in the declaration of Defendants' counsel (Joshua Koltun), Mr. Koltun sets forth the purported text of a digital audio file he downloaded.  However, Mr. Koltun has not submitted the actual audio file in violation of Rule 1002.  Thus, the Court should exclude Paragraph 24 of the Second Skywalker Declaration and Paragraph 2 of the Koltun Declaration.

//

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

## CONCLUSION

2      For all of the reasons set forth above, the Court should deny Defendants' second

3 special motion to strike.

4

DATED:  September 29, 2011                **KRONENBERGER BURGOYNE, LLP**

5

6                                          By:   s/Karl S. Kronenberger
                                                    Karl S. Kronenberger
7

8                                          Attorneys for Plaintiff
                                           Art of Living Foundation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 10-cv-5022-LHK-HRL          23          **PLAINTIFF'S OPP. TO DEFENDANTS'
                                                  SECOND SPECIAL MTN TO STRIKE**