UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ART OF LIVING FOUNDATION, | ) | Case No.: 10-CV-05022-LHK |
| Plaintiff, | ) ) | ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL |
| v. | ) ) | |
| DOES 1-10, | ) | (re: dkt. #152 and #154) |
| Defendants. | ) ) ) | |

On March 28, 2012, Defendants filed an Administrative Motion to File Under Seal (ECF No. 152), followed by an Amended Administrative Motion to File Under Seal (ECF No. 154, or "Sealing Motion"), which includes the previously omitted redacted attachments. Defendants' Sealing Motion requests sealing of certain documents, including transcripts of the March 21-22, 2012 deposition of Michael Fischman and the March 27, 2012 deposition of Jeff Houk, that Defendants have filed in support of their Oppositions to (1) Plaintiff's Motion to Compel Defendant Skywalker to Respond to First Set of Interrogatories and Requests for Production (ECF No. 148), and (2) Plaintiff's Motion to Require Disclosure of Defendant Skywalker's Identity (ECF No. 150). *See* Sealing Mot. at 2. Defendants' request is made pursuant to Civil Local Rule 79-5(d) because Plaintiff did not have the opportunity to review the transcripts and exhibits from those depositions before Defendants submitted those documents to the Court. *Id.*

Pursuant to Local Rule 79-5(d), when a party moves to seal documents designated as sealable by another party, the designating party must file a supporting declaration within 7 days, or

1

Case No.: 10-cv-05022-LHK
ORDER RE: SEALING MOTION

the sealing motion will be denied. Moreover, as noted in the Protective Order, simply designating information as confidential does not entitle the parties to file it under seal. *See* Stipulated Protective Order, ECF No. 57, ¶ 1. Rather, the designating party must show that good cause exists to justify the sealing of documents attached to a non-dispositive motion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In addition, requests to file under seal must be "narrowly tailored to seek sealing only of sealable material." Civ. L. R. 79-5(a).

As of today, May 7, 2012, no supporting declaration has been filed by Plaintiff in response to Defendants' Sealing Motion. Accordingly, the Court does not know whether any of the material Defendants submitted has, in fact, been designated as confidential pursuant to the Protective Order, nor does the Court have any basis from which to determine whether any of the material is entitled to protection from public view. Based on a preliminary review of the submitted documents, the Court is skeptical that any of the information Defendants have submitted is, in fact, sealable. Nonetheless, the Court will provide Plaintiff one final opportunity to file a declaration proposing narrowly tailored redactions and stating the basis for asserting confidentiality of any material it seeks to file under seal. Plaintiff's declaration must be filed by May 11, 2012. If no such declaration is received by May 11, the Court will order the relevant documents to be publicly filed without sealing.

In the future, either party's failure to comply with the local rules and to submit timely declarations in support of motions to seal will result in denial of sealing motions and public filing of documents without further notice from the Court.

**IT IS SO ORDERED.**

Dated: May 8, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 10-cv-05022-LHK
ORDER RE: SEALING MOTION